Porter, J.
delivered the opinion of the court. This appeal has been taken from a decision of the court of probates, relative to *726 the last will and testament of Arthur Andrews deceased. The judge, conceiving the instrument presented to him to be clothed with all necessary requisites to render it valid as an olographic will, admitted it to probate. The heirs appealed.
The paper produced as the testament of the deceased, is proved to have been written, signed, and dated by him. At the foot, however, three persons have affixed their names, “as witnesses present.”
The appellants contend, that the writing of the will in presence of three witnesses, together with their signatures, render it void as an olographic testament. The appellees insist, that the names of the witnesses are only surplusage.
“ The olographic will or codicil is that which is made and written by the testator himself without the presence of any witness.”
“An olographic testament or codicil shall not be valid, unless it be entirely written, signed, and dated with the testator’s hand. It is subject to no other form.” Civil Code, 230, art. 103.
The counsel for the heirs has relied much *727 on the expressions “ written out of the presence of witnesses,” as a reason why this will, written in their presence, cannot be an olographic one. We think that the legislature, in making use of this expression, intended to mark the distinction between wills of this description and those to which witnesses are indispensable. There is no other construction will give effect to the last clause of this article, which states that this kind of instrument is subject to no other form than being written, signed and dated, in the hand-writing of the testator.
The most serious question which the cause presents is, whether the signatures of the witnesses do not render void an act which the law requires the testator to write entirely in his own hand.
We have been referred, by the counsel of both parties, to decisions rendered by tribunals in France on a law expressed in nearly the same words as our own. In those cited by appellees, the wills were mystic ones, and it clearly entered into the consideration on which they were decided, that the act of superscription on the envelope, and the testa *728 ment itself, were two distinct and separate acts. That relied on by the appellants, was a case where the testator called to his assistance two witnesses; but where they not only-signed the will at the bottom, but affixed their names with that of the testator on each page. Making every allowance, however, for the difference in the facts, it is impossible to reconcile them. The former were held good, because an act, complete itself in one character, was not vitiated by an abundant caution in endeavouring to give it validity in another. It is not easy to see why the same reason did not govern the latter, which was held null, because there was a mixture of forms, foreign to an olographic testament. This decision, however, was by a provincial parliament; the others, by the court of cassation.
Leaving them however aside, and considering the point as if it was now presented for the first time, we are of opinion that this will is valid as an olographic one. The great principle which governs courts in cases of this kind is, to give effect, if possible, to the intention of the parties. Where the legislature has pointed out a particular form, in which that intention must be expressed, the operation of *729 this principle is of course limited; but the instrument is not destroyed, it still remains; and if it is good in one form, though not in another, it must be enforced in that in which it may have effect : for, it is still the act of the party, and the particular regulation does not interfere with the general principle just spoken of. Hence, the maxim common to all systems of jurisprudence with which we are acquainted, ut res magis valeat quam pereat. Dig. 34, tit. 5, l. 13. Hence, the provision of our Code, that an act which is not valid as an authentic act, through defect of form, avails as a private writing, if it is signed by the parties. Code, 304, 218. And hence, the principle contained in the Roman law, which has a still more direct application to the case before us; that when a person intends to make a will under a particular law, and fails through defect of form, he does not, for that reason, deprive himself of the advantage of having it declared valid, if it is good under any other form by which he is privileged to make it. It is this law which furnishes the principal ground of the opinion given by Merlin in his questions de droit, vol. 5, 222. See also Domat, *730 liv. 3, tit. 1, § 5, note to art. 19. Broutin vs. Vassant, 5 Martin, 169.
The will here is entirely written, signed and dated with the hand of the testator; there is no writing in the body of the testament by any other person. Toullier, Droit Civil Francais, liv. 3, tit. 2, 357. The witnesses sign at the bottom, and their signatures make no part of it.
We are therefore of opinion, that the judgment of the parish court be affirmed with costs.
***There were a few cases determined at this term, which are not printed, as petitions for a rehearing had been presented when this sheet was put to press.