#### IN THE

## SUPREME COURT

#### OF THE

## STATE OF LOUISIANA.

EASTERN DISTRICT, MARCH TERM, 1825.

## *GOODWIN* vs. *HEIRS OF CHESNEAU.*

APPEAL from the court of probates, of the parish and city of New-Orleans.

PORTER, J. delivered the opinion of the court. This suit appears to have grown out of the decision of this court in the case of *the heirs Chesneau* vs. *Sadler.* That was an action in which the plaintiffs claimed certain property descended to them from their mother, and which their tutor had alienated contrary to law. The defendant set up title to it under the plaintiff in this case, and cited him in warranty. The judgment of the court was in favor of one of the petitioners, and against the

East'n. District,
*March* 1825.

GOODWIN
*vs.*
HEIRS CHES-
NEAU.

Bills of exceptions cannot be taken to final judgments.

A judgment of eviction cannot be pleaded as *res judicata* against a claim of the vendee for damages.

*Transaction* may include *partition,* as partition includes alienation and sale.

The same rules which govern partitions *strictly such,* do not apply to every act by which the community of pro-

VOL. III. (N. S.)         52

East'n. District.
March 1825,

GOODWIN
vs.
HEIRS CHES-
NEAU.

perty is des-
troyed.

It is a fiction
of law to pre-
vent lesion,
that all acts
which put an
end to the com-
munity of pro-
perty; are to be
regarded as
*partitions.*

A contract
by which the
step-father re-
nounces all
right to his
wife's estate on
receiving spe-
cific property,
is not a parti-
tion.

If one of the
parties to a con-
tract of ex-
change be evic-
ted, he may sue
for damages or
the thing he
gave, and if it
be a minor who
evicts him, he
must restore the
object received,
if in his posses-
sion.

The first ven-
dor may be sued
in warranty,
by his immedi-
ate vendee, up-
on the person to
whom the ven-

other two, on the ground that they had, after coming of age, ratified the act of their tutor. 10 *Martin*, 726.

The petition in the present case recites at length the proceedings, and avers: That the plaintiff was entitled as devisee, under the will of the mother of the present defendants to a large portion of her property; that he and their tutor Girod, entered into a transaction, or amicable compromise, in regard to the rights accruing to him under the testament; and that he never would have made such agreement or transaction, had he not believed the same to be a final settlement with all the heirs of his deceased wife. That inasmuch as the said transaction has not been executed in the manner intended, and the same has been declared illegal and void in part, at the suit of one of the heirs, whom the tutor represented, it is null and void as to all the parties thereto. It concludes by a prayer, that the petitioner be reinstated in all his former rights and claims relinquished in said transaction, as if the same had never taken place; that there may be a liquidation settlement and partition of the property in community, between the petitioner and the heirs of the deceased's wife, and that he have such

other and further relief as his case may entitle him to.

To this petition the defendants pleaded:

East'n. District.
*March* 1825.

GOODWIN
*vs.*
HEIRS CHES-
NEAU.

1. That the plaintiff could not maintain this action, because he had no interest in the cause, having received full compensation from the defendants' tutor for all claims against the succession of their mother.

dee sold, being evicted, unless the first vendee alienates without warranty.

2. That all the facts and allegations in the plaintiff's petition are untrue.

3. That the will under which he claims is null and void.

4. That if the petitioner be entitled to any thing, it is only his share in the profits which might have resulted from the community with his deceased wife, but which profits the defendants deny to have ever existed.

To these means of defence were subsequently added the pleas of *res judicata*, and prescription.

The court of probates was of opinion that all the matters and things in dispute between the present parties, had been decided in the case of the heirs of *Chesneau* vs. *Sadler* and gave judgment in favor of the defendants, as in case of nonsuit. From this judgment the plaintiff appealed.

East'n. District.
*March* 1825.

GOODWIN
*vs.*
HEIRS CHES-
NEAU.

There are no less than five bills of excep-
tions on the record to the final judgment of the
court, two of them are to conclusions drawn
from different parts of the testimony, which the
judge on signing, declares he never took into
his consideration, nor had formed any opinion
upon. Bills of exceptions it is well known, do
not lie to final judgments, and we notice these,
only to express our disapprobation of the irreg-
ularity, and our hope that it will not again oc-
cur.

The first plea of the defendants, that the
plaintiff has no cause of action against them,
cannot be correctly examined, until an enqui-
ry is gone into, in relation to the original con-
tract between the tutor of the defendants and
the petitioner: and the rights which accrued to
the latter from one of the heirs having sued and
recovered part of the property conveyed in it.
That of *res judicata* needs no such previous ex-
amination, and its validity is the first question
for our consideration.

This court is unable to discover any, the
slightest ground in support of the decision of
that of the first instance, that the matters and
things now at issue in this cause, were decided
in the case of *the heirs of Chesneau* vs. *Sadler.*—

East'n. District,
*March* 1825.

GOODWIN
*vs.*
HEIRS CHES-
NEAU.

*There*, the plaintiffs sued for certain property, which they claimed in right of their mother, deceased. The defendant called in warranty, the plaintiff in this suit, who supported the title of his vendee, by relying on the *transaction* with the tutor, and citing him to defend the property conveyed to him. The judgment of the court was, that the title was insufficient to prevent one of the plaintiffs from recovering. *Here*, the plaintiff alleges, that in consequence of this judgment, by which his vendee was evicted, the whole transaction is rendered null and void—that he is thrown back on rights existing anterior to that transaction; and which rights, though not offering a defence to the claim for the property, enable him in turn, to demand a partition of the whole succession of his deceased wife. Instead, therefore, of the matters and things now contested between these parties, having been decided by that suit— they were in truth created by it, and if the present action has any grounds of support, they grow out of the judgment in that case.

This is so manifest in respect to the heir who succeeded in that action, that the point was not much debated by the appellees' counsel; but he urged that the plea, applied at least,

Eas'n. District.
*March* 1825.

GOODWIN
*vs.*
HEIRS CHES-
NEAU.

to the two defendants who failed in their attempt to recover the property. For this position we see no more foundation, than that just disposed of. It may be true, that the judgment in that case has not furnished the plaintiff with a cause of action against the defendants, but it is clear that the object of this action, and the matters involved in it, are quite distinct from those contested in the former suit.

Whether the plaintiff might not have set up when cited in warranty, the same claims which he does now, need not be enquired into. The fact is, he did not do so, and that is sufficient to prevent him being barred by the judgment there rendered, as the matters and things now contested, were not necessarily embraced by it.

The plaintiff rests his claim to a partition of the whole of the estate of his late wife, upon the ground, that the act under which he claimed the property, being a partition of the estate in community, between him and his co-heir, it follows, that if annulled as to one, it is void to all the parties who concurred therein.

For the better understanding of the different questions raised in this case, it is necessary to set out the material parts of the act under which the present plaintiff acquired the pro-

perty, his vendee was evicted from; and state some of the circumstances that led to its execution.

East'n. District.
*March* 1825.

GOODWIN
*vs.*
HEIRS CHES-
NEAU.

The mother of the defendants, by last will and testament, gave to her husband, the present plaintiff, the usufruct of one-fifth of all the property owned by her at her death. After her decease, difficulties arose between the tutor of her children, and the plaintiff, in relation to his rights under the will, and a claim which he set up for acquests and gains, made during marriage. These difficulties ended by the parties entering into an agreement, by which the plaintiff waved certain property, and abandoned all claims to the succession.

The act which evidences this agreement, purports to be executed by Jean Goodwin, of the one part, and Nicholas Girod, tutor to the children of Jean Chesneau, of the other.

It states that the parties, to avoid all kinds of dispute which might arise between them, in relation to the partition of the succession of Mrs. Susan Drouet, widow of Jean Chesneau, deceased, had entered into the following agreement:—

That the said tutor abandoned to the said Goodwin certain property therein mentioned.

East'n. District.
*March* 1825.

GOODWIN
*vs.*
HEIRS CHES-
NEAU.

That in consequence thereof Goodwin aban-
doned purely and simply (*fait l'abandon pur et
simple*) all and singular the pretentions which
he might have on the succession of the deceas-
ed Susan Drouet his wife, such as acquests, and
legacies which might have been conferred on
him by the testament, and agrees that the said
Girod in his quality aforesaid, should take pos-
session of all the property which belonged to
the succession.

This act is said to be a *partition* and not a
*transaction*. Whether the former be included in
it or not we will hereafter examine; but that
it is at all events the latter, there cannot be a
doubt; rights are claimed by one party; diffi-
culties with regard to giving them effect feared
by both; property delivered to procure an a-
bandonment of them; and that abandonment
made. Our code defines a *transaction*, an agree-
ment by which two, or more persons, for pre-
venting or putting an end to a law suit, adjust
their differences by mutual consent. It is un-
necessary we conceive to go into any reasoning
to shew, that the contract here submitted to
us, is most clearly within the meaning of this
provision; or that the plaintiff himself has com-
mitted no error in denominating it a *transaction*,

in the sale which he made of the property, in the pleadings in the former suit, and in the repeated annunciation of it as such, in the petition filed in this cause.

East'n. District,
*March* 1825.

GOODWIN
*vs.*
HEIRS CHES-
NEAU.

But notwithstanding this is the true character of the act; it does not follow that it may not also have operated a division of the succession. *Transaction* may embrace partition, as *partition* includes *alienation* and *sale.* Civ. Code, 186, *art.* 162.

But whether this act include partition strictly such, may well be doubted. It seems to want all the characters of one. It was clear the parties did not contemplate it to be such. They expressly declare the agreement is entered into to avoid the difficulty of partition. Common effects are not divided. On the contrary the husband receives in full property that in which he could only have had a usufruct, and he is discharged from the payment of all debts due by the succession.

In one point of view indeed the act may be considered as a *partition*, and that is, as terminating the indivision of property which existed between the parties; not by separating the things of the estate, but by dissevering the right which existed in them. Every act which

VOL. III. (N. S.)          53

East'n. District.
*March* 1825.

GOODWIN
*vs.*
HEIRS CHES-
NEAU.

produces that effect, whether it be sale, ex-
change, or donation, must be considered such;
indeed this must necessarily be the case, other-
wise the property would still be in common,
and subject to division.

It is in this sense the court understands the
elementary principle of our law, that the right
to partition cannot be renounced; and it was
for the reason just stated, and in order to pre-
vent an evasion of the rules in respect to *lesion*
which govern transactions of this kind; that a
fiction was introduced, that all acts which put
an end to the community of property existing
between parties, no matter of what nature those
acts are, or by what named called, are regard-
ed as partitions. *Civ. Code*, 186, 159. *Chabaud on
Successions, vol.* 3, 704. *Toullier droit civil Fran-
çais, lib.* 3, *tit.* 1, *chap.* 6, *no.* 577.

But it does not follow that the same rules
which govern partitions really such, apply to
every act by which the community of property
is destroyed. Our code furnishes us, with ex-
press authority to the contrary. In ordinary
partitions, it suffices to cause rescision that
there be lesion of more than one-fourth part of
the true value of the things partaken. But if
this partition is affected through a *transaction,*

or by the *sale* of the rights of one co-heir to another, the contract cannot be rescinded for this cause. *Civ. Code*, 206, *art.* 253, 254.

East'n. District.
*March* 1825.

GOODWIN
*vs.*
HEIRS CHES-
NEAU.

Yet in the case last put, there is clearly, in fiction of law, a partition; that is, the community of property is destroyed. The rule then, we see, has its exceptions; and it is not correct to say, that in all cases, where the community is dissolved, the principles which govern partitions, must regulate the contract of the parties.

On the contrary, we conceive that unless the provisions of the law, in respect to lesion be violated; agreements, by which the right of one heir in a succession, are transferred to another heir, or to a third party, must be governed by the rules applicable to that species of contract, by which the transfer is made; whether it be sale, exchange, donation, or in any other mode.

The question is in some measure novel, but we are not without authority on it. We have the judicial exposition of laws, which are *verbatim* the same as ours. One of the heirs to a succession opened in France, sold his right in it to a co-heir, who failed to pay the price. On the former attempting to enforce the con-

GOODWIN
*vs.*
HEIRS CHES-
NEAU.

tract as one of sale, an objection was made that it was subject to the rules which regulate partitions. The court held that the act was one of sale, that no other character could be assigned to it. It united all the characters. *Res, pretium, et consensus.* That the rule which prescribes that all acts tending to destroy the community are regarded as partitions, was a fiction introduced to prevent lesion. That it was a principle, that fictions in law did not extend beyond the particular cases for which they were established, and that for all other purposes the contract must be governed by the ordinary rules. *Journal du palais*, 2 *vol.* 1812, 530. *Manuel du droit Francais*, 296, *in note.* Code *Nap.* 887, 888.

In the instance now before us, unless *we* shut our eyes on truth, and indulge in fiction, we cannot mistake the real character of the act on which this difficulty has arisen. So far from it being a partition of property held in common, it contains an abandonment of all right to it; objects which belonged to the heirs, and on which the step-father had only the usufruct for life, are given to him in full property. In consideration for the property thus received, and in consequence of being released from the pay-

East'n. District.
*March* 1825.

GOODWIN
*vs.*
HEIRS CHES-
NEAU.

ment of the debts due by the community, he re-nounces all right which he had to the acquests and gains made during marriage, and those which he might possess under the will of his wife. In such an agreement, we look in vain for that act, which our code speaks of, when it defines a partition to be "the separation, division, or distribution of a thing common to several co-proprietors or co-heirs, who enjoyed the same undividedly." *C. Code*, 184, *art.* 157.

On the contrary, it appears to us, an acquisition on the part of the plaintiff, of property belonging to others, and for which he gave his rights on a succession in return. Such agreement formed a contract of exchange, which is defined to be, where "the contractors give to one another, one thing for another, whatever it be, except money." *C. Code*, 370, 1.

In case of eviction, the party evicted has his choice, either to sue for damages, or for the thing he gave in exchange. If that thing be still in the possession of the minor, by whom he was evicted, the plaintiff has the right to get it back. *C. Code*, 370, 4.

And this brings us to an exception, made in an early stage of the proceedings, that the plaintiff had no cause of action, the right being

East'n District.
*March* 1825.

GOODWIN
*vs.*
HEIRS CHES-
NEAU.

vested in Sadler, the vendee of the plaintiff
who was evicted by the judgment which has
given rise to this action.

The only ground which the court can ima-
gine this objection to rest on, is, that as the
plaintiff has not shewn that he has paid Sadler,
he has suffered as yet no injury from the evic-
tion of which he complains; or in other words,
that no cause of action arises in favor of the
first vendee, by the person to whom he sold be-
ing evicted, until it is shewn the latter has ex-
ercised *his* action of warranty, and recovered.

This objection, (which on the first consider-
ation, appeared to be supported by analogies
drawn from the rights of persons, standing in
some respects, in the same situation with the
plaintiff,) cannot be maintained.   By the war-
ranty, the vendor contracted, not only that the
vendee should not be evicted, but that all other
persons who held under the buyer, should en-
joy the thing.   There is an exception to this
rule, where the first vendee alienates without
warranty.   Because he is then without any in-
terest whatever in the matter.   But in every
other case his right of action is complete, the
moment the person to whom he sold loses it by
a superior title.   *Dig. liv.* 21, *tit.* 2, *l.* 61, 71
*Pothier, traité du vente, no.* 97.

The other questions raised in argument, belong to the merits; and as the cause is not now in a situation in which final judgment can be given here, no opinion can be expressed on them.

East'n. District.
*March* 1825.

GOODWIN
*vs.*
HEIRS CHES-
NEAU.

It is therefore ordered, adjudged and decreed, that the judgment of the probate court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that this cause be remanded to the court of probates, to be proceeded on according to law, the appellees paying the costs of this appeal.

*Watts* ahd *Lobdell* for the plaintiff, *Seghers* and *Appé* for the defendants.