### No. 116.

### J. S. BACON vs. MARY C. SHULTZ.

A partition defective in form and voidable for lesion may be ratified by word and deed, and made conclusive and binding.

APPEAL from the Second District Court, Parish of Webster. *Drew,* J.

*J. D. & J. T. Watkins* for Plaintiff and Appellant.

*McDonald & Reynolds* for Defendant and Appellee.

———

The opinion of the Court was delivered by

MANNING, J.  The plaintiff and defendant are the only children of J. S. Bacon the elder who died in September, 1880.  The father had been in declining health, and two months before his death had partitioned his property.  The division of the realty was by notarial act. The notes and accounts were divided verbally in the presence of witnesses.  Mrs. Shultz has children, and to them her father gave some notes.  In November, 1880, the plaintiff and defendant, two months after their father's death, put in form the division of the notes, etc., that he had made.  The writing recites that they " do hereby agree to make an amicable partition of the succession falling to them upon the death of their father as herein set forth.  There being no debts outstanding, all charges of every kind against said succession having already been paid by said parties to this agreement, each one-half, and all lands owned by J. S. Bacon, deceased, having been duly partitioned as evidenced by donations *inter vivos*, by notarial act duly recorded in said parish, and all stock, mules, cattle and hogs and miscellaneous movable property, having been divided and delivered, which partition is hereby ratified and adopted, leaving now to be divided certain rights and credits which, by mutual agreement, are hereby partitioned as follows."

This suit is to rescind and annul the partition, made by the father and perfected as to the notes and credits by this writing of November, 1880, because of lesion.

Of this partition the plaintiff as a witness says : The credits were divided as agreed upon before his father's death.  Says the understanding between him, his sister and his father was before the deed was signed, that the notes and accounts were to be divided just as they were divided in the partition.  That he does not recollect ever hearing his father say that it was a final division, but he asked them to divide it in that way, and they told him they would.  That he supposes his father died under the impression that all the details of the division of his estate had been agreed on between himself and his sister.  Says they had agreed sometime before the act of partition on the terms of the division of the notes and accounts ; thinks they agreed in April before his father died ; that his father designated the claims that were received by them in partition.

He took possession of the property allotted to him, received and col-

lected the notes and accounts assigned to him that were collectible. There were notes of one Goodwill that had been given to Mrs. Schultz' children in the same division. · He presented those notes to Goodwill for payment, on behalf of Mrs. Schultz, and received Goodwill's draft for their amount in her favor. He owed Goodwill, who desired to deduct his debt from their amount, but that was refused because the notes did not belong to him. He delivered the drafts to his sister. In January, 1881, he borrowed two thousand dollars from his sister, and mortgaged a tract of land received from his father among the divided property, to secure its payment. He did not pay his note, and she sued him. He then brought this suit.

The recital of his own testimony shews a ratification of the partition. His own acts taken singly exhibit it. Taken together, the proof cumulates beyond requirement. No fraud or deceit is alleged or proved, no violence pretended. Want of form, if there be any in the partition, is cured. Lesion was condoned. But in truth the testimony renders doubtful whether there was lesion. If there was, it does not exceed the disposable portion. Rev. Civ. Code, Arts. 1724 and 1875; Chesnau vs. Sadler, 10 Mart. 726; Jouet vs. Mortimer, 29 Ann. 212.

No words are needed here to characterize the plaintiff's reprehensible conduct. His own recital of his own acts is his sharpest condemnation. The lower Judge turned him away from the temple of justice. He has no place within its portals.

Judgment affirmed.