State vs. Hoyer.

### V.

---

## No. 231.

## THE STATE OF LOUISIANA vs. ROBERT HOYER.

A description in an indictment for larceny of the property stolen, as "some bottled beer, of the value of two dollars and fifty cents," is insufficient, and being a matter of substance, a motion in arrest of judgment will be sustained.

APPEAL from the First District Court, Parish of Caddo, Hicks, J.

---

*J. Henry Shepherd,* District Attorney, for the State, Appellee :

The tendency of modern jurisprudence is to relax the strict technical rules of the common law and look rather to substance than forms, to ideas rather than words. 32 Ann. 335.

State vs. Adam.

" The object to be gained by the description of the stolen things, namely, to individualize transaction, will indicate how definite it should be." It is to enable the court to see from it that the things are in law subjects of larceny. Bishop C. P. 702.

Goods charged to have been stolen must be described with certainty to a common intent— that is with such certainty as will enable a jury to say that the goods proved to have been stolen are the same as those charged in the indictment. Waterman, C. D., p. 387, section 166.

*Land & Land*, for the Defendant and Appellant.

The opinion of the Court was delivered by

McENERY, J. The indictment against defendant charges him with having, on the 24th day of December, 1887, in the parish of Caddo, feloniously stolen "some bottled beer, valued at two dollars and fifty cents, the property of Bovida & Jurggler." This is all the description and designation of the stolen property. It is insufficient. A minute and detailed description of the property stolen is not required, but there must be such a description, numerically and specifically, as to individualize the property with legal certainty so that the jury can determine whether the property proved to have been stolen is the same as that described in the indictment, thus enabling the defendant, in case of acquittal or conviction, to plead the same to a subsequent indictment relating to the same property.

The defect in the indictment being one of substance, the motion in arrest of judgment was properly sustained. 10 Ann. 30; 30 Ann., p. 1242; 21 Ann. p. 442.

Judgment affirmed.