## No. 11,930.

### STATE OF LOUISIANA VS. POLITE JIM.

The objection of an accused that the property he was convicted of stealing was imperfectly and incompletely described in the indictment should be taken by demurrer or a motion to quash the indictment before the jury is sworn. It is too late to urge such an objection, as being one apparent on the face of the indictment, on a motion in arrest of judgment. State vs. Thomas, 30 An. 600. Rev. Stat., Sec. 1064.

APPEAL from the Eleventh Judicial District Court for the Parish of St. Landry. *Perrault, J.*

*M. J. Cunningham*, Attorney General, and *E. B. Dubuisson*, District Attorney, for Plaintiff, Appellee.

*John N. Ogden* and *R. Lee Garland* for Defendant, Appellant.

Submitted on briefs January 11, 1896.
Opinion handed down January 20, 1896.

The opinion of the court was delivered by
NICHOLLS, C. J.    Defendant was indicted for petty larceny, found guilty and sentenced to the penitentiary for one year.

The ground of complaint urged in the brief on his behalf is that the accused was indicted, tried and convicted on the charge of "stealing four head of cattle of the value of fifty dollars." That the indictment in making this charge was entirely too vague and uncertain to support a conviction, and can not form the basis of a plea of *res judicata* or *autrefois convict* in future prosecutions. Defendant

contends that the description of the property alleged to have been stolen is sufficient in law. That the property is described as four head of cattle, without giving the kind, color or description. That the indictment does not give the kind, whether horse, mule, ass or cow, with no brand or mark specified to apprise defendant of the necessary defence to make. These objections were urged for the first time in the lower court in arrest of judgment.

In reply, the prosecuting officers maintain that the jurisprudence of the State is so well settled that defects in an indictment are cured by verdict; that it is unnecessary to specially discuss the question. They cite Wharton Criminal Pleadings and Practice, par. 760; Revised Statutes, Sec. 1060, and the case of State vs. Thomas, 30 An. 600.

In the case cited this court, referring to a like objection made by the appellant therein, said: "If, as it is, that description was incomplete, its incompleteness would constitute a formal defect apparent on the face of the indictment, and defendant's objection should have been taken and urged, not, as it was, on a motion to arrest the judgment, but by demurrer, and on a motion to quash the indictment before the jury was sworn. It is too late to do so after trial and conviction." (Citing the 1064th section of the Revised Statutes.)

That section declares that every objection to any indictment for any formal defect apparent on the face thereof, shall be taken by demurrer or motion to quash such indictment before the jury shall be sworn, and not afterward, and every court before which any such objection shall be taken for any formal defect, may, if it be thought necessary, cause the indictment to be forthwith amended in such particular, and thereupon the trial shall proceed as if no such defect had appeared.

Had the defendant urged these objections at the time and in the manner required by the section the indictment could have been amended. He can not hold them in reserve for a motion in arrest, taking his chances for an acquittal on the trial. (See State vs. Fontenette, 38 An. 61.) The decision in State vs. Thomas, cited above, controls this case.

The judgment appealed from is affirmed.