No. 12,350.

STATE OF LOUISIANA VS. F. M. PERKINS.

An objection of insufficiency of the description of the article stolen in an indictment urged for the first time in arrest of judgment will not prevail.
Under Sec. 1047, Revised Statutes, upon objection properly made the description of the thing charged to have been stolen could, by the court, have been made to conform to the defendant's requirements.

APPEAL from the Tenth Judicial District Court for the Parish of Rapides. *Hunter, J.*

*M. J. Cunningham*, Attorney General, and *Phanor Breazeale*, District Attorney, for Plaintiff, Appellee.

*Robert P. Hunter* for Defendant, Appellant.

Submitted on briefs January 9, 1897.
Opinion handed down January 18, 1897.

The opinion of the court was delivered by

NICHOLLS, C. J.    The defendant was convicted and sentenced under an indictment for larceny, in which the property stolen was described as "one beef of the cow kind."

He filed no demurrer nor motion to quash before trial, but reserved his present objection to the indictment to be advanced on a motion in arrest of judgment.    Defendant cites a number of authorities to show that a description of so general a character of the thing stolen as that given in the indictment we are considering is insufficient. He particularly relies upon State vs. Hoyer, 40 An. 744, and State vs. Johnson, 29 An. 714, though he refers to State vs. Edson, 10 An. 229; State vs. Muston, 21 An. 442; State vs. Monroe, 30 An. 1242; Banks vs. The State, 28 Texas, 644; Stollenwerk vs. State, 55 Ala. 142; Wharton's Criminal Practice and Pleadings, Sec. 209, and Wharton's Criminal Evidence, Sec. 124.

In State vs. Johnson, cited, the charge was of larceny of "an animal of the cow kind."    The insufficiency of the description was set up in a motion in arrest of judgment.    The complaint was that the indictment was bad for not specifying the particular animal of the cow kind charged to have been stolen.    Of this the court said: "It is certainly very loose pleading to charge simply the larceny of 'an animal of the cow kind,' and it is too uncertain to be encouraged. This was, however, one of those things which, under Sec. 1047 of the Revised Statutes, the court might have permitted to be amended, it being in the language of the statute 'the name or description of a thing named or described in the information.'    While, however, we are not disposed to encourage so loose pleadings, we are not prepared to arrest the judgment for a matter which might have been, and (as the case then stood) may yet under leave of court be amended."

In State vs. Thomas, 30 An. 601, where the property stolen was alleged to be "one small hog of the value of five dollars, the property of James Galagher," this court, referring to the motion in arrest of judgment urged by defendant, said: "If—as it is—that description was incomplete, its incompleteness would constitute a formal defect, apparent on the face of the indictment, and defendant's objection should have been taken and urged—not as it was—on motion to arrest the judgment, but by demurrer and a motion to quash the indictment before the jury was sworn.    It is too late to do

so after trial and conviction.    (Citing in support of its opinion Revised Statutes, Sec. 1064.)

There is a growing tendency in criminal proceedings to cut off objections based upon matters which are the subject of amendment or correction, prior to trial, which are postponed to be urged for the first time after conviction.    There is, to some extent, an aider by trial and verdict in criminal as well as civil cases.    There was no attempt made by defendant here to have the indictment against him made more specific than it was.    Had there been a call for specifications, or an objection made to the generality of the description, we assume that matters could and would have been made to conform to defendant's requirements.

The Attorney General calls our attention in support of the indictment itself to State vs. Carter, 33 An. 1214, where defendant was indicted for stealing "one hog;" to State vs. King, 31 An. 179; 2 An. 295; 2 Bishop Crim. Law, Sec. 769; 2 Archibold (Pomeroy's note), p. 1160, and particularly to State vs. Baden, 42 An. 295, in which defendant was charged with the larceny of "one beef of the value of fifteen dollars, the property of A. T. Broussard," and in which State vs. Hoyer is mentioned.    The objection in State vs. Baden was urged through a motion to quash.    The motion was overruled, and on appeal the action of the District Court was affirmed.    In the present case we are not called on to go further than to say that as against an objection of insufficiency of description urged for the first time in arrest of judgment the indictment must stand.    The word "beef" conveys to the mind when used as clear an idea of a definite object as does pistol, hat, spade, or any other well-known word in common use.    The addition to it of the words "of the cow kind" does not weaken its meaning.

The judgment appealed from is hereby affirmed.