No. 12,786.

STATE OF LOUISIANA VS. ROBERT JACOBS ET ALS.

An indictment for the larceny of one bale of cotton in the lint may be amended during the trial, to conform to the testimony the cotton was in the seed. Revised Statutes, Sec. 1047.

Cotton raised on shares between the plantation owner and the laborer until the shares are allotted is properly charged in an indictment for larceny as the property of the owner of the plantation. Wharton, Criminal Law, Vol. 2, Sec. 1627.

APPEAL from the Eleventh Judicial District Court for the Parish of St. Landry.   *Dupré, J.*

*M. J. Cunningham,* Attorney General, and *R. Lee Garland,* District Attorney (*P. A. Simmons, Jr.,* of Counsel), for Plaintiff, Appellee.

*C. F. Garland* for Defendants, Appellants.

Submitted on briefs April 9, 1898.
Opinion handed down May 2, 1898.

The opinion of the court was delivered by

MILLER, J.   The defendants appeal from the sentence on the conviction for larceny.

The indictment charged the defendants with the larceny of one bale of cotton in the lint.   The first bill of exceptions is to the ruling of the court permitting the District Attorney to amend the indictment during the trial, by charging the larceny of one bale of cotton in the seed.   It is insisted on behalf of the defendants that the amendment was of substance, preferring a charge different from that stated in the indictment.   Our statute permits the amendment of indictments " on or before the trial when there shall appear to be any variance between the statement in the indictment and the testimony in the names of places, or of persons, or in setting forth the ownership of property, or in the name or description of any matter or thing whatsoever named or described in the indictment, if the court should be of opinion the variance is not material and the amendment will not prejudice the defendant in his defence."   Revised Statutes, Sec. 1047.   Our courts have had frequent occasion to deal with this statute.   State vs. Smith, 31 An. 406; State vs. Hanks, 39 An. 234; State vs. Dominique, 39 An. 324; State vs. Morgan, 35 An. 1139. The substituted charge in this case was the larceny of one bale of cotton in the seed, the property of the party named in the

indictment. The description "in the lint," when, in fact, it was in the seed, can not, in our view, be deemed a variance calculated to mislead the defendant as to the charge he was to meet, or in the least prejudice him in his defence. In one of the cases cited the amendment substituted "gun" for pistol in an indictment for shooting, and the amendment was sustained. Others of the cases cited have affirmed the right to amend as to names occurring in the indictment. On the other hand, the change in the name of the person on whom rape is charged to have been committed, has been held not an admissible amendment. State vs. Dillard, 35 An. 1049. But that decision in our view affirms the right to amend in a case like this of substituting seed for lint in describing the bale of cotton the subject of the larceny.

The question raised by the other bills is as to the ownership of the property, the subject of the larceny. The testimony offered was that the cotton was raised under the agreement that the accused, a laborer on the plantation, was to share the crops with the owner. The indictment laid the property in the owner. It is contended on behalf of the accused that he could not be convicted of the larceny of cotton, he claims was owned in part by himself, and the proof adduced on the trial did not support the indictment. We have considered this line of argument and the authorities cited in support of it. The cotton raised on the plantation on shares must, we think, be deemed to belong to the owner of the plantation, while still in his possession, and before the share of the laborer has been separated. This is the view, too, of the text writers. 2d Wharton's Criminal Law, Sec. 1047. We hold the indictment properly charged the ownership in the owner of the plantation, and the testimony disclosed no variance between the fact and the charge.

It is therefore ordered, adjudged and decreed that the sentence of the lower court be affirmed.