The opinion of the court was delivered by
Monroe, J.
The defendant, having been convicted of burglary and sentenced to imprisonment in the State penitentiary for six years, has appealed. We have not been favored with any argument, oral or written, in his behalf, but the record presents two bills of exception, and a motion for new trial.
The first bill was to the refusal of the court to grant a continuance, in order to enable the accused to procure the attendance of certain witnesses, named by him, and for whom he had caused subpoenas to issue. From the affidavit made in support of the application for continuance, it appears that the witnesses were in the employ of the Mississippi .Valley Railroad Company, and it does not appear that they resided within, the jurisdiction of the court, or that there was any certainty that their presence could have been secured, if the continuance had been granted. The case, therefore, is not one in which the ruling of the trial judge should be interfered with. State vs. Duffy, 39th Ann., 421; State vs. King, 31 Ann., 179; State vs. Finn, 31 Ann., 408; State vs. Kane & Hunter, 36 Ann., 153; State vs. Clark, 37 Ann., 128; State vs. Primeaux, 39 Ann., 673; State vs. McCarthy, 44 Ann., 323.
The second bill reads as follows, to-wit:
“ On the trial of this case, witness for the State; E. P. Andrews, be- “ ing on the stand; having sworn that he was the officer who brought the “ two accused from the city of Memphis, being asked by the District “ Attorney, if any officer, or person in the city of Memphis, in the pres- “ enee of the accused, had made any statement relative to their arrest, “ and the finding of the stolen goods. And his answer was that the “ Chief of Police said to the witness, out of the presence of the accused, “ that the detectives, who were present, would show him (witness),' the' “ men who were found with the goods. Thereupon, the detectives con- “ ducted witness to the cell, where the accused were confined, and point- “ ed to them, and said: ‘These are the men that got the goods’; the last “ words in quotation marks were the. only words that these accused *1357 “ heard. Counsel for the defendants objected to the foregoing' testi- “ mony, upon the grounds that what had been said, leading up to the “ last statement, was out of the presence of the accused. That the ef- “ feet of the last statement, quoted above, could not be understood by ‘■'them, and that the said statement was not binding upon them, and “requested the court to so instruct the jury.”
It appears that there were two defendants, one of whom was acquitted, and we understand from the statement of the judge, that it was shown that the defendant on trial admitted having possession of the goods, which had been stolen, and undertook to account for it by saying that they had found them in a ear. Under these circumstances, neither the testimony objected to, nor the failure of the judge a quo to instruct the jury as requested, could have been prejudicial to him.
Judgment affirmed.