(48 South. 426.)

No. 17,397.

STATE v. GREGG.

(Feb. 1, 1909.)

CRIMINAL LAW (§ 1167*)—APPEAL—HARMLESS ERROR—AMENDMENT OF INDICTMENT.

Defendant, having been indicted for breaking and entering a store in the nighttime, with intent to steal, and for the larceny, on the same occasion, and from the same store, of a number of articles, described in 22 items, was found guilty as charged.

Held, that an amendment to the indictment, whereby one of the items, reading "6 pairs of house, each paid valued at 8 cents," was made to read "6 pairs of hose, each pair valued at 8 cents," becomes immaterial to the merits of the case, in the sense that defendant has sustained no substantial prejudice thereby, in view of the fact that it added nothing to the gravity of the offenses with which he was otherwise charged, that he has been convicted of the burglary and of the larceny of the other articles described in the indictment, and that his conviction upon the amended item, in the charge of larceny, carries with it no other or greater penalty than that for which he is otherwise liable.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3104; Dec. Dig. § 1167.*]

(Syllabus by the Court.)

Appeal from First Judicial District Court, Parish of Caddo; Thomas Fletcher Bell, Judge.

Frank Gregg was convicted of burglary and larceny, and he appeals. Affirmed.

Hugh Conniff Fisher, for appellant. Walter Guion, Atty. Gen., and James Martin Foster, Dist. Atty. (Ruffin Golson Pleasant, of counsel), for the State.

Statement of the Case.

MONROE, J. Defendant was indicted for breaking and entering a store in the nighttime with intent to steal, and with the larceny, upon the same occasion, and from the same store, of quite a number of articles (embraced in 22 items), varying in value from "3 yards of calico, each of the value of 4 cents," to "one pistol of the value of $12.50." He demurred, and for cause of demurrer alleged "that said indictment charges your defendant with stealing property not subject to larceny; that said indictment is unintelligible, especially in the description and valuation of property alleged to have been stolen."

The demurrer was founded upon the fact that among the articles charged to have been stolen were "6 pairs of house, each paid of the value of 8 cents." The court held that this was merely a clerical error, and permitted

the state to amend the indictment so as to make the item in question read "6 pairs of hose, each pair of the value of 8 cents," whereupon defendant, through his counsel, reserved his bill of exception. And thereafter defendant was found "guilty as charged," and sentenced to imprisonment at hard labor for nine years for burglary, and to like imprisonment for one year for larceny.

## Opinion.

An indictment may be amended on, or before, trial whenever "there shall appear to be any variance between the statement in the indictment and the evidence offered in proof thereof * * * in the name or description of any matter or thing, whatsoever, therein named or described," provided, the court, "shall consider such variance not material to the merits of the case, and that the defendant cannot be prejudiced thereby in his defense." Rev. St. § 1047. This law, construed in connection with Rev. St. § 1064, has been held to authorize the amendment of defects in indictments, in matters of description, or that are merely formal and not substantial.

Thus an indictment charging the stealing of "one bale of cotton, in the lint," was allowed to be amended so as to make it read "one bale of cotton in the seed," and in an indictment for shooting "gun" was allowed to be substituted for "pistol." Marr's Crim. Juris. p. 427. In the instant case it may be conceded that, if the grand jury had only charged defendant with the larceny of "6 pairs of house, each paid of the value of 8 cents," or, in other words, had made no intelligible charge of larceny at all, it would not have been competent for the district attorney, in the name of the grand jury, to have charged him with the larceny of 6 pairs of hose upon the theory that an error, clerical or otherwise, had been committed in describing the property, though perhaps greater latitude would be allowed if defendant had been prosecuted by information, since a bill of information originates with the district attorney, and he may be supposed to know what was intended by it. Whilst, however, if the charge of larceny depended solely upon the allegation that defendant stole "6 pairs of house," etc., the substitution of the allegation that he stole "6 pairs of hose," etc., would be, in effect, to make a charge where the grand jury had made none, and hence would be to make a substantial change in the indictment. We have here a case where the property said to have been stolen consisted of many articles, catalogued in the indictment under 22 different items, of which the "6 pairs of house," etc., constituted but one, and it may reasonably be said that, as the description relates to a multitude or a mass of things, the erroneous inclusion of a single article, which has no significance, so far as the result to be attained is concerned, is an error of description.

But whether that view be correct or not, the defendant, being charged in one count with burglary, and in another with the larceny of the articles included in the 21 items, other than that which was amended, was found guilty as charged; and, as the amended allegation added nothing to the gravity of the offenses with which he was otherwise charged, and involved no other penalty than that to which he was otherwise liable, the amendment becomes immaterial, in the sense that he has sustained no substantial prejudice thereby.

"As a general proposition [say the authorities] appellant, or plaintiff in error, to obtain a reversal, must show, not only that error occurred, but that he was substantially prejudiced thereby." 12 Cyc. p. 910, and note. State v. Brown, 16 La. Ann. 384; State v. Mansfield, 52 La. Ann. 1355, 27 South. 887; State v. Williams, 111 La. 210, 35 South. 521.

We fail to find that the appellant has sustained any substantial prejudice by reason

of the error of which he complains, and the verdict and sentence from which he appeals are accordingly affirmed.