(68 South. 407)

No. 20978.

STATE v. WALKER.

(April 12, 1915. Rehearing Denied May 10, 1915.)

*(Syllabus by the Court.)*

1. INDICTMENT AND INFORMATION ⬤⟿10 — FINDING — PRESENTATION — NUMBER OF GRAND JURORS PRESENT.

The Constitution requires that the grand jury shall be composed of 12 members, 9 of whom must concur to find an indictment. It does not require that more than 9 members of the grand jury must be present during the deliberations preceding the finding or at the time of finding or presenting an indictment.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 50–61; Dec. Dig. ⬤⟿10.]

2. CRIMINAL LAW ⬤⟿1134—APPEAL—PRESENTATION FOR REVIEW—QUESTION OF LAW.

Although all of the evidence admitted in the trial of a criminal case is reduced to writing and attached to a bill of exceptions taken to the refusal of the trial judge to grant a new trial, we have no authority to set aside the verdict unless the error complained of in the bill of exceptions presents a distinct question of law.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2587, 2653, 2986–2998, 3056, 3067–3071; Dec. Dig. ⬤⟿1134.]

3. CRIMINAL LAW ⬤⟿938—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

The defendant in a criminal prosecution is not entitled to a new trial on the averment that he has discovered new and additional evidence since the conviction, when it appears that the witness whose testimony he proposes to introduce on a second trial testified in the case before the jury, and that nothing prevented the defendant's counsel from examining the witness as far as he saw fit.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2306–2315, 2317; Dec. Dig. ⬤⟿938.]

4. CRIMINAL LAW ⬤⟿942—NEW TRIAL—NEWLY DISCOVERED IMPEACHING EVIDENCE.

A new trial of a criminal case will not be granted merely to permit the introduction of evidence to impeach a witness for the state on a collateral issue, even if such impeaching evidence was discovered by the defendant after his conviction.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2316, 2331, 2332; Dec. Dig. ⬤⟿942.]

Appeal from Criminal District Court, Parish of Orleans; Joshua G. Baker, Judge.

Thompson B. Walker was convicted of forgery, and appeals. Affirmed.

Thompson B. Walker, of New Orleans (E. A. O'Sullivan, of New Orleans, of counsel), for appellant. Ruffin G. Pleasant, Atty. Gen., Chandler C. Luzenberg, Dist. Atty., and B. J. Daly, Asst. Dist. Atty., both of New Orleans, for the State.

O'NIELL, J. The appellant was convicted of the crime of forgery, and sentenced to imprisonment in the penitentiary for six years.

In the first count in the indictment he was charged with forging the indorsements, "P. L. Verges; Pierre L. Verges," on the back of a check for $6,000, dated the 17th of March, 1914, drawn by L. J. Naef on the Commercial-Germania Trust & Savings Bank to the order of Pierre L. Verges. In the second count he was charged with tendering and publishing as true, with intent to defraud, the above-described instrument on which he knew the indorsement to have been forged. In the third count he was charged with forgery of the indorsement, "Pierre L. Verges;" and in the fourth count he was charged with publishing the same as true, with intent to defraud, knowing it to be a forgery. He was tried by a jury and found guilty on the first count; 9 jurors concurring in the verdict.

The defendant filed a motion for a new trial on the grounds: First, that the verdict was contrary to the law and the evidence; and, second, that he had discovered new and additional evidence in his favor since the trial. In support of the first ground urged for a new trial, all of the evidence in the case (all the testimony having been taken down in writing) was annexed to, and made part of, the motion, and forms a part of the bill of exceptions. The alleged newly discovered evidence was also reduced to writing on the trial of the motion for a new trial, and it is also made part of the bill of exceptions re-

served to the ruling denying the defendant a new trial.

The defendant's counsel filed in this court an assignment of errors alleged to appear on the face of the record of the proceedings. Here it is alleged that the grand jury that met. retired to deliberate, and indicted the defendant, was composed of only 10 members; whereas article 117 of the Constitution of 1913 requires that:

"A grand jury of twelve, nine of whom must concur to find an indictment, shall be impaneled," etc.

In the original and a supplemental assignment of errors it is contended that the indictment by a grand jury composed of only 10 members, and the trial, conviction, and sentence thereunder, deprives him of his liberty without due process of law, and denies him the equal protection of the laws, in violation of section 1 of article 14 of the Constitution of the United States, as well as of article 2 of the Constitution of this state.

The contention made in the assignment of errors is based upon the minutes of the proceedings of date the 23d of June, 1914, three months before the trial, wherein it is recited that the grand jurors met that day pursuant to adjournment, "there being then and there 10 of their number and a quorum present"; that, having no presentments to make, they retired to their room for deliberation, after which they returned into court, "there being then and there 10 of their number and a quorum present," and through their foreman presented the indictment in this case, properly indorsed and signed by their foreman.

After the assignment of errors was filed, the state's attorney obtained writs of certiorari directing the clerk of the criminal district court to send up a certified copy of the minutes of the impaneling of the grand jury that returned the indictment in this case. His return on the writ contains a certified copy of the minutes of the 2d of March, 1914, showing that the grand jury composed of 12 members was impaneled, sworn, and organized on that day. Hence the record now shows that the grand jury was composed of 12 members, 10 of whom met and deliberated upon the accusation, and found and returned the indictment in this case.

[1] The Constitution requires that the grand jury shall be composed of 12 members; but it only requires that 9 of them must concur to find an indictment. There is no express nor implied requirement that more than 9 members must take part in the deliberations and findings.

When the law required that the grand jury should be composed of 16 members, 12 of whom constituted a quorum, it was said, in the case of State v. Causey et al., 43 La. Ann. 901, 9 South. 900:

"It is not sacramental that all the members shall be present and participate in the finding, when such can be found by a quorum. That which is sacramental is that the members who participate or concur in the finding must be qualified and competent jurors, under pain of nullity of their action."

On the same principle are the decisions in State v. McClendon, 118 La. 792, 43 South. 417; State v. Favrot, 118 La. 804, 43 South. 421; State v. Plunkett, 118 La. 804, 43 South. 421; and State v. Aikens, 118 La. 805, 43 South. 421, where it was held that:

"The participation in the finding of an indictment by an unqualified or incompetent member of the grand jury vitiates the indictment."

As suggested in the brief of the learned counsel for the defendant, the theory of these decisions is that the grand jury must be composed of 12 competent and qualified members. But there is no expression in these opinions to support the contention that more than 9 members of the grand jury must participate in the deliberations, when only 9 must concur to find an indictment.

This issue, presented in the assignment of errors, was disposed of in the case of State v. Griggsby, 117 La. 1053, 42 South. 499; and

we see no reason for overruling what was there stated, viz.:

"The record shows that the indictment was presented by 11 grand jurors; one being absent. Under article 117 of the Constitution of 1898 the grand jury is composed of 12 members, 9 of whom must concur to find an indictment. When the law required a grand jury to consist of 16 members, 12 of whom could find a bill, it was held that the presence and concurrence of 12 only were requisite for the transaction of * * * business. State v. Swift, 14 La. Ann. 839. Where 9 members of a grand jury can find a bill, there is no good reason for holding that it is necessary for 12 members to be present when the bill is presented to the court."

As the contention made in the assignment of errors is without merit, we find it unnecessary to decide whether the complaint comes too late after going to trial, as was strongly intimated in the opinion in State v. Causey et al., 43 La. Ann. 900, 9 South. 900.

[2] Although all of the evidence admitted on the trial of this case is before us, we have no authority to disturb the verdict on the ground that it is contrary to the law and the evidence, without usurping the province of the jury. The record, in this respect, does not present any distinct question of law, and the jurors are the sole judges of the facts on the question of guilt or innocence.

The only remaining question is whether the court erred in refusing to grant a new trial on the ground of newly discovered evidence. That evidence is in the record, and we have read it with great care.

[3] In his reasons for refusing the new trial the judge says that the verdict was fully warranted by the evidence before the jury, and that he was satisfied the testimony heard by him on the application for a new trial would not have changed the result. In view of the fact that the only evidence of the forgery was the denial by Pierre L. Verges that either of the indorsements on the back of the check was his signature, in the light of the evidence to the contrary, considering the improbability that any one would forge the indorsement, "P. L. Verges," on a check made payable to Pierre L. Verges, and thereafter, when it was turned down by the bank, forge the signature in full, and considering that only 9 of the 12 jurors concurred in the verdict, we are not so sure that the testimony heard on the trial of the application for a new trial would not have changed the result if it had been heard by the jury. The defendant should have decided—and we presume he did consider and decide—that question before submitting his case to the jury.

[4] The testimony of Mr. Carlos is not to be regarded as newly discovered evidence. He testified at the trial as a witness for the defendant, and identified the signature card of Mr. Verges, taken from his bank and filed in evidence to prove the genuineness of the indorsements in question by comparison. The defendant's counsel had an opportunity then to examine this witness upon the indorsements in question, and to give the jury the benefit of his expert knowledge and familiarity with the signature of Mr. Verges.

The proffered testimony of the other witness, Hoffman, could have been had at the trial with reasonable diligence on the part of the defendant. He was a friend and had been an employé of the accused. His testimony would have been material to the defense, to impeach the testimony of the state's most important witness, Verges, on a somewhat collateral issue, that became rather important. As a rule, the verdict of the jury is not to be set aside and a new trial granted to allow the introduction of evidence to impeach a state's witness on a collateral issue.

The verdict and sentence appealed from are affirmed.