O’NIELL, C. J.
 

 Appellants were convicted of the crime of larceny. The property alleged to have been stolen was described in the indictment as “certain automobile fixtures of the value of $85.” The verdict of the jury was:
 

 “We, the jury find the defendants guilty as charged, valuation of auto parts moved, $75.”
 

 At the beginning of the trial the defendants’ attorney objected to the hearing of any evidence, contending that the description of the property alleged to have been stolen was too vague and indefinite to inform them of the nature of the accusation, or to enable them to defend the case. Thereupon, and before any evidence was introduced, the district attorney offered to furnish a bill of particulars, if the defendants desired it. The attorney for the defendants declined the offer, insisting upon the objection to the introduction of evidence under the indictment as it was. The court overruled the objection, and a bill of exceptions was reserved.
 

 The ruling was correct. An objection to an indictment for larceny that the description of the property alleged to have been stolen is insufficient must be urged by way of a motion to quash, or a motion for a bill of particulars; otherwise the objection is waived. State v. King, 31 La. Ann. 179; State v. Carter, 33 La. Ann. 1214; State v. Baden, 42 La. Ann. 295, 7 So. 582; State v. Perkins, 49 La. Ann. 310, 21 So. 839. In State v. Hoyer, 40 La. Ann. 744, 4 So. 899, it was held that an objection to the insufficiency of the description of the property alleged to have been stolen, in an indictment for larceny, might be urged by way of a motion in arrest of judgment, but the decision was cited with disapproval, and was virtually overruled in State v. Baden, supra. There is no reason why a defendant should, before trial, decline to be better informed of the nature of the accusation against him, and, after trial, complain that he was not sufficiently informed.
 

 After conviction, the defendants filed
 
 *549
 
 a motion for a new trial on tlie ground of newly discovered evidence. The motion was heard and overruled, and a bill of exceptions was reserved to the ruling. The substance of the allegations of the motion was that two newly discovered witnesses named in the motion would testify that two state’s witnesses, named in the motion, had made statements previous to the trial contrary to the testimony which they gave at the trial. As a general rule, a defendant is ¡not entitled to a new trial to introduce newly discovered evidence merely to impeach a state’s witness who testified at the trial. State v. Walker, 137 La. 197, 68 So. 407; State v. Bordelon, 141 La. 611, 75 So. 429; State v. Preuett, 142 La. 720, 77 So. 514; State v. Johnson, 149 La. 922, 90 So. 257. There may be exceptions to the rule, but no reason is suggested for making an exception of this case. There i's nothing in the record to convince us that the testimony of the newly discovered witnesses, if it had been heard by the jury, would have been sufficient to impeach the testimony of the two witnesses for the state, nor do we believe that the verdict might have been different if the two witnesses for the state had been impeached. The district judge, having heard all of the evidence in the case, knew more about that than we know. We do not find any error in his ruling.
 

 Besides the two complaints which we have disposed of, appellants’ attorney complains, by assignment of error, that the verdict is illegal because of the word “moved” in the expression “valuation of auto parts moved, $75.” The argument is that the word “moved” does not mean taken, stolen, or carried away. There is no doubt that the jury did mean that the value of the auto parts taken, stolen, and carried away was $75. The penalty is the same for stealing property worth $75 as for stealing property worth $85, the value stated in the indictment.
 

 The verdict and sentence are affirmed.