LAND, J.
 

 Defendant was convicted of the offense of obtaining goods by false pretenses, and was sentenced to the state penitentiary for a term of not less than ten nor more than twelve months.
 

 He has appealed and relies for the reversal of the judgment against him upon a motion in arrest of judgment, a motion for a new trial, and an assignment of errors.
 

 The motion in arrest is based upon the'following grounds: The indictment does not allege who was defrauded by said alleged false pretense; that it does not specify the kind, name, and character of the goods and chattels alleged to have been obtained, but merely “goods, wares, and merchandise” without naming quantity or kind and value of each article alleged to have been obtained; that it does not allege that persons alleged to have been defrauded relied upon said false representations in the granting and extending of credit.
 

 The indictment charges that the defendant, E. I-I. Smith—
 

 “then and there, willfully, unlawfully, feloniously, knowingly, and designedly, did falsely pretend to Palmer-Lowe Company, a partnership composed of M. P. Palmer and Henry Lowe, that the said E. H. Smith was then and there the owner of certain motor trucks and vehicles, by means of which false pretense the said E. H. Smith did then and there unlawfully, knowingly, designedly, and fraudulently obtain from the said Palmer-Lowe Company, a partnership composed of M. P. Palmer and, Henry Lowe, goods, wares, and merchandise of the value of $315.05 in United States currency, of the good and chattels of the said Palmer-Lowe Company, a partnership composed of M. P. Palmer and Henry Lowe, with intent, then and there, to cheat and defraud the said Palmer-Lowe Company, a partnership composed of M. P. Palmer and Henry Lowe, of the same.”
 

 The indictment expressly charges that the intent of the defendant was to defraud the Palmer-Lowe Company. It was not necessary to allege in said indictment that any one was actually defrauded, or that the defendant intended to defraud any particular person. Nor was it necessary to prove an intent on the part of the defendant to defraud any particular person, but it was sufficient to prove that the defendant did the act charged with the intent to defraud. R. S. 1870, § 1052.
 

 The objection that the indictment does not sufficiently describe the property alleged to have-been obtained by defendant by false pretenses, should have been urged in a motion to quash, and is not timely after verdict, nor good in arrest of judgment. State v. Carter, 51 La. Ann. 442, 25 So. 385; State v. Perkins, 49 La. Ann. 310, 21 So. 839; State v. Polite Jim, 48 La. Ann. 267, 19 So. 145; State v. Thomas, 30 La. Ann. 600; State v. Lebleu, 137 La. 1007, 69 So. 808; State v. Jacobs, 50 La. Ann. 447, 23 So. 608; State v. Johnson, 29 La. Ann. 717; State v. Gregg, 122 La. 979, 48 So. 426; State v. Drummond, 132 La. 749, 61 So. 778.
 

 It is not necessary in an indictment for obtaining goods by false pretenses to allege that the owner of- the goods relied upon the false representations made to him in the granting and extending of credit.
 

 
 *843
 
 The indictment is in the usual form, and contains all legal essentials. Bish. Crim. Proced. vol. 2, §§ 162 and 168.
 

 2. The motion for new trial is based solely upon the ground that the verdict is contrary to the law and the evidence, and presents, therefore, no question of law for review by this court under its appellate jurisdiction.
 

 3. The assignment of errors alleges that the court erred in allowing the district attorney, after the jury was impaneled to try the case, to amend the indictment by changing the name of the parties alleged, to have been defrauded from Palmer, Lowe, and Dupuy to Palmer-howe Company.
 

 Section 1047 of the Revised Statutes of 1870 provides that, whenever, on or before the trial of any indictment for any crime or misdemeanor, there shall appear to be any variance between the. statement in the indictment and the evidence offered in proof thereof, “in the name or description of any person, body politic or corporate, therein stated or alleged to be injured or damaged, or intended to be injured or damaged by the commission of such offense,” it shall be lawful for the court, if it shall consider such variance not material to the merits of the case, and that the defendant cannot, be prejudiced thereby in his defense, to order such indictment to be amended according to the proof, the trial to be had before the same or another jury, as the court shall think reasonable; and after such amendment the trial shall proceed in the same manner in all respects as if no variance had occurred or amendments been made.
 

 Defendant did not request any postponement of the trial because of the amendment af the indictment; and, as the amendment was permissible as to the person intended to be injured or 'damaged, we fail to see wherein the defendant has been prejudiced thereby, since the intent to defraud a particular person need not be either alleged or proved on the trial for the crime of obtaining goods by false pretenses; it. being sufficient to prove that the defendant did the act charged with an intent to defraud. R. S. 1870, § 1052.'
 

 The charge, in the assignment of errors, that the court erred in allowing any evidence to be given in behalf of the state after amendment to the indictment is not well founded, as, in our opinion, the amendment was properly allowed, and the statute expressly provides that the trial shall proceed before the same or another jury, as the court shall think reasonable.
 

 As defendant reserved no bills of exception to the admissibility of the testimony of which he complains in his assignment of errors, and, as the evidence forms no part of the record, there are no errors patent upon the face of the record and assignable as such in this case, as to the 'admissibility of the evidence adduced on the trial. State v. McCrocklin, 130 La. 109, 57 So. 645; U. S. v. Taylor, 147 U. S. 695, 13 S. Ct. 479, 37 L. Ed. 335.
 

 The conviction and sentence are therefore affirmed.