State vs. Johnson. .

## No. 6892.

### THE STATE vs. JIM JOHNSON.

30   305<br>45   501<br>30   305<br>f118  663

A verdict of conviction in a criminal case will not be set aside, and a .new trial granted, on the ground that one of the witnesses for the State has made unsworn statements since the trial, which contradict his testimony on the trial; especially when it appears that in the opinion of the judge below the testimony given by other witnesses on the trial fully warranted the conviction.

When an indictment for the larceny of an animal charges the crime of larceny with all the fullness, and precision required by law, the addition of the words "and kill," will be treated as mere surplusage. - They will not change the character. or lower the grade of the crime charged.

APPEAL from the Eighth Judicial District Court, parish of St. Landry. *Hudspeth*, J. Trial by jury.

*H. N. Ogden*, Attorney General, for the State.

*Kenneth Baillio* and *John N. Ogden* for defendant.

The opinion of the court was delivered by

MARR, J. The accused, Jim Johnson, was tried and convicted under an indictment which charges that he "feloniously did take, steal, and carry away and kill, one beef ox, etc., of the value of thirty dollars, of the goods and chattels," etc.

He moved for a new trial on the ground that since the trial he had discovered new and material evidence: "That, since the trial, one Valery Guidry, the principal State witness, told George Reeder and Martin Parks, competent and credible witnesses residing in St. Landry parish, that he knew of his own knowledge that your petitioner did not kill the ox he was charged with killing in the indictment filed against him in this suit, but that he (Valery Guidry) himself had killed the ox which your petitioner was charged with killing as aforesaid; and further that said Guidry told them that he had testified against your petitioner for the purpose of clearing himself."

The bill of exceptions informs us that the motion was overruled on the grounds—

"First—Because the affidavits of the newly-discovered witnesses, alleged in the application to be residents of the parish of St. Landry, were not produced or their absence accounted for.

"Second—Because the newly-discovered evidence went to impeach the character and credit of the witness, Valery Guidry.

"Third—Because, even granting that the witnesses had testified as set forth in the application, and thereby impeached the witness Guidry, the State could still have rested its case on the testimony of other witnesses testifying in the case, and whose names appear upon the reverse of the indictment."

The accused was sentenced to the Penitentiary for two years, and he has appealed.

As a general rule, we think new trials should not be granted on the unsupported affidavit of the party convicted that he could prove statements made by one of the witnesses, after the conviction, which would tend to show a state of facts different from that to which he had testified as a witness on the trial. Much more importance is due to the testimony of a witness given in open court, under the solemnity and sanction of an oath, on the trial of a cause, than to any statements which he may have made on some other occasion, either before or after the trial.

The newly-discovered evidence would simply have shown that Guidry had made, not under oath, statements contradicting those which he made as a witness, on the trial; but this would not prove that he had testified falsely on the trial.

The names of five witnesses are on the reverse of the indictment, one of whom is the person stated in the indictment to have been the owner of the ox; and, while we are not informed as to what facts they proved or testified to, we may fairly infer, and we must presume from the statements of the judge, as set forth in the bill of exceptions, that the proof by the other witnesses, without the testimony of Guidry, sufficed to warrant the verdict. It would be quite improper for a judge to grant a new trial on the ground of newly-discovered evidence which, at best, would show that one of the witnesses was unworthy of belief, when there were four other witnesses, whose testimony is not impeached, and who, in the opinion of the judge who heard them, sufficiently proved the guilt of the accused.

The offense charged in the indictment is petty larceny, the punishment of which is imprisonment in the parish prison, or in the Penitentiary, at the discretion of the court, for not more than two years. Acts of 1874, p. 223, sec. 8.

There is an offense of a lower grade, that is, the wanton or malicious killing of certain domestic animals, punishable by fine not exceeding $200, or imprisonment not exceeding six months, and the payment to the owner of the value of the animal killed. But that is not the offense charged in the indictment, which is petty larceny, set out in the most precise legal terms, "feloniously did take, steal, and carry away," etc. The addition of the words " and kill " does not change the character of the offense. These two words might be stricken out, for they are mere surplusage. No matter what became of the ox, the offense was complete by the felonious taking, stealing, and carrying away. It may be that Guidry testified falsely; and that he alone, of all the witnesses, swore to the killing of the ox. The accused does not state in his affidavit that he expects to prove by any witness that he did not feloniously take, steal, and carry " away " the ox; and if it were true, and had been proven on the trial, that he did not kill the ox, but that Guidry did, it might still be

State vs. Johnson.

true, and it might have been proven by the other witnesses, that the accused did "feloniously take, steal, and carry away" the ox, which Guidry killed. The killing of the animal stolen is not an ingredient in the crime of larceny; and the punishment imposed upon the accused by the sentence of the court is that prescribed by the statute for the offense charged in the indictment, petty larceny.

The district court did not err in refusing the new trial; and the judgment is therefore affirmed with costs.