State vs. Garig et als.

## No. 10,767.

### THE STATE OF LOUISIANA VS. DUNC. GARIG ET ALS.

| | |
|---|---|
| 43 | 365 |
| 45 | 499 |
| 45 | 980 |
| 45 | 1142 |
| 45 | 1305 |
| 45 | 1437 |
| 43 | 365 |
| 50 | 1073 |
| 51 | 164 |
| 51 | 243 |
| 51 | 244 |
| 43 | 365 |
| 107 | 802 |
| 43 | 365 |
| 108 | 229 |
| 43 | 365 |
| 113 | 987 |
| 43 | 365 |
| 117 | 476 |
| 43 | 365 |
| 118 | 660 |
| 119 | 569 |

1. In case a prisoner's objection to a juror for cause is overruled, and he subsequently perempt him, and it does not appear that he was thereby necessitated to accept on the panel persons inimical to his interest, he fails to disclose injury entitling him to relief.

2. Notwithstanding the challenge thus employed is his *last* one, it appearing that the accused tendering it is jointly indicted with two others, for the same crime, who are on trial with him, and who have twelve remaining challenges, special reasons ought to be assigned in the bill of exceptions why same were *unavailing to him*, otherwise relievable injury is not disclosed.

3. Though a person tendered as a juror, when interrogated on his *voir dire*, confesses that he has formed a fixed opinion in regard to the guilt of the accused, and that it was such an opinion as to produce a prejudice in his mind against the accused, yet it is not a disqualifying opinion if, on being questioned by the trial judge, he states that it would yield readily, provided he believed the testimony.

4. The prisoner's counsel having, at the close of the District Attorney's opening argument, proposed to submit the case under the charge of the court, without argument, he objected and excepted to an additional argument being made by the District Attorney; *held*, that by appearing before the jury and making an argument in behalf of the accused subsequent to the ruling of the court, they renounced and waived the benefit of their exception.

5. The counsel for the accused complained to the court of certain alleged misstatements of fact, on the part of the District Attorney, in his closing argument, and claimed the right to make a statement to the jury correcting them; *held*, that to have permitted such an explanation made to the jury would have been to give them an impression in reference to the judge's opinion as to the facts of the case.

6. It is too late, after verdict, to raise the question of the minority of a juror.

7. A new trial will not be awarded for the purpose of admitting newly discovered evidence, when its purport and object are to discredit, by extra-judicial statement, the testimony of witnesses on the trial.

8. To justify the quashing of a verdict, on the ground that the jury were allowed to separate during their deliberations, the proof must be clear and convincing that there was such a separation as might have operated injuriously to the accused.

9. To justify the quashing of a verdict on the ground that it was improperly influenced through fear of violence or by means of intimidation, similar proof must be adduced. Proof which merely superinduces vague inferences, of undue influence will not suffice.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Buckner, J.*

W. H. Rogers, Attorney General, for the State, Appellee.

*H. F. Brunot* and *K. A. Cross* for Defendants and Appellants:

1. A juror, who has a bias or prejudice, and who has formed an opinion, which can not be removed by circumstantial evidence, is incompetent. State vs. Jackson, 37 An. 768; State vs. Bunger, 11 An. 607. See State vs. Dugay, 35 An. 27; State vs. McGehee, 36 An. 206.

2. The right of one accused, who exhausts his challenges, is not affected by the fact that his co-defendants have unused challenges. State vs. McLean, 21 An 546.

3. Cases may arise where the misconduct of a jury may be shown by one of its members. State vs. Wallman, 31 An. 149; Wharton, Criminal Pleading, Sec. 847.

4. Any communication by a deputy sheriff, affecting the case prejudicially to the accused, is ground for new trial. State vs. Dallas, 35 An. 899; See 23 An. 148.

5. The State has the right to open and close the argument; but when the District Attorney opens, and the defence waives reply, this is opening and closing, and he has no right to make another argument after such waiver.

6. If, in the closing argument, the District Attorney makes an incorrect statement of the evidence, the defence has the right to call the attention of the jury thereto. Wharton, Criminal Pleading, Secs. 562-3, 577.

---

The opinion of the court was delivered by

WATKINS, J. The three defendants were indicted for murder, convicted of manslaughter, and sentenced each to twenty years' imprisonment at hard labor in the penitentiary, and from that judgment and sentence they have appealed.

I.

The *first* bill of exceptions to which our attention is attracted is taken by *one* of the three accused to the overruling of his objection to the competency of a juror. His objection was that the person tendered as a juror had, on his *voir dire*, confessed that he had formed and expressed an opinion, and that same was fixed and deliberate, and his contention is that such an opinion is a disqualifying one, and that the judge erred in not sustaining it.

But the bill discloses that after the judge ruled that he was a competent juror, *this* accused challenged him peremptorily, employing his last challenge.

There is nothing in the bill to show the stage of the proceedings at which this occurred, or that this accused suffered any injury from being necessitated to use his last challenge, or that he was compelled to accept on the panel persons inimical to his interest. On the contrary, it appears from the statement of the judge that " there

were two other accused on trial who had, at the time, over twelve challenges at their disposal."

In the absence of any reason or cause being assigned why those challenges were unavailable to this particular accused by their being employed by his co-defendants in perempting objectional persons, we can not perceive in what way he was injured.

The three defendants were jointly indicted and tried for the same, identical crime, and, presumably, objections urged to a juror by one, would be a common objection for all. If, on the contrary, the objection was specially applicable to one only of the accused, that fact should have been stated in the bill.

But if these reasons be deemed insufficient in law to sustain the judges' ruling, we think the juror was competent under repeated decisions of this court.

The bill recites the following, viz:

" He (the juror) declared that he had formed a fixed opinion concerning the guilt of the accused; that it would not yield to circumstantial evidence; and that the effect of his opinion was to produce, to some extent, a bias and prejudice against the accused, but on being interrogated by the court, he said his opinion would yield readily to evidence, provided he believed the testimony offered to counteract such opinion."

But the judge observed that " the juror did not intend to say that he had no prejudice against the accused, but had a prejudice against the crime which they were charged with having committed. I then questioned him, as stated in the bill, and he made the answers as stated."

If, under the circumstances this accused can be heard to complain, we are of opinion that the complaint urged is not well founded. State vs. Farrar, 35 An. 315; State vs. Dorsey, 40 An. 470; State vs. Dent, 41 An. 1083.

## II.

The *second* bill relates to the judge having allowed the District Attorney to make two arguments before the jury. It appears that the District Attorney made an opening argument, whereupon the defendant's counsel proposed to submit the case to the jury under the charge of the court and without argument. The District Attorney claimed the right to present an additional argument and that right having been accorded him, counsel for the accused excepted.

But the judge states:  "I ruled in this case that the State had the opening and closing argument and the defense had the right to reply if they saw fit.   They did reply in a lengthy argument, and the case was closed on the part of the State."

It is quite impossible to conceive the grounds of the defendant's complaint.

Whether the judge ruled correctly or erred in permitting the District Attorney to make a *second* argument after the defendant's counsel had *proposed* to submit the case without argument on their part is of no practical importance, because they accepted the situation and made an argument, to which the District Attorney replied.

Defendants had the full benefit of an argument, and nothing useful to them could be accomplished in this regard by remanding the cause.

### III.

In the *third* bill, the defendants complain of certain alleged misstatements of fact, made by the District Attorney in the course of his closing argument and which the judge declined to allow their counsel to correct.

The judge says:  "I ruled that the testimony of the witness was for the jury as they had heard it, and I, as judge, could not instruct the jury as to who was right."

While the defendants may *feel* aggrieved at the course pursued by the District Attorney, and the statement complained of may have been to their disadvantage, it is not easily perceived how the judge could have permitted an explanatory statement by their counsel without placing the jury under the impression that one or the other was correct.

In State vs. Washington, 30 An. 49, a case was presented where the trial judge during the course of the argument "denied the assertion of counsel and prevented him from commenting on the disputed fact and the prisoner excepted and on that ground moved for a new trial," and the court said "the interruption was unauthorized and irregular and, as it come from one who is justly presumed to stand indifferent and disinterested between the prisoner and the State; one in whom an impartial jury is justly inclined to believe and trust, it may have influenced their minds and verdict."

So, in this case had the judge acceded to the wishes of the prisoner's counsel and permitted him to have made an explanation to

State vs. Garig et als.

the jury, in violation of the questioned statement of the District Attorney, they might have received the impression that the judge conceded its correctness, and allowed such impression to have influenced their verdict.

This was doubtless the theory on which the judge's ruling was based.

In State vs. Duck, 35 An. 704, a similar question arose. In that case an *exception* was taken by prisoner's counsel, to the judge's refusal " to stop the District Attorney in the course of his argument * * * charging that the District Attorney was making an improper and unfair argument to the jury." But we said: "There is no force in the complaint. This court can not and will not interfere with District Judges in the manner of controlling their courts or of enforcing rules of propriety and decorum on the officers of the court."

Mr. Bishop and other common law authors state the rule differently, but as our law is exceptional those authorities can not apply.

We observe that, so far as the record discloses, the defendant's counsel requested of the judge no special charge, made no objection to the charge he gave the jury, and failed to make mention, in his application for a new trial, of the prejudicial effect of said ruling as a reason why a new trial should have been granted him.

It thus appears that they practically abandoned their exception, or have rather conceded its want of force and efficacy; for if the judge's ruling had been injurious in its effect, he could have guarded the jury against it in his charge, or given defendants relief by a new trial.

## IV.

The *fourth* bill relates to the judge's refusal to grant the prisoners a new trial.

The motion presents the following grounds, viz:

1. That since the trial they have discovered that one of the jurors was a minor.

2. Newly discovered evidence.

3. That the jury separated during the trial.

4. That the verdict of the jury was improperly influenced by a show of intimidation and violence on the part of friends of the accused.

5. That the jury were permitted to hold unauthorized communications with persons outside while in the jury room.

24

(*a*) With regard to the first ground, it is sufficient to quote the language of the motion which says of the juror, whom they allege to be a minor: " Petitioner accepted him in good faith thinking at the time that he was a competent juror."

They had the opportunity of interrogating the juror on his *voir dire* and of thus ascertaining his want of qualification *then;* and objections come with indifferent grace from the accused *since* their conviction.

(*b*) The allegations of newly discovered evidence are wholly insufficient, because they purport to be, solely for the purpose of contradicting or impeaching the testimony of witnesses who testified on the trial; and, further, that the witnesses' testimony was proposed to be thus contradicted and impeached by certain alleged *extra* judicial declarations of theirs, made before the trial occurred.

For such a purpose a new trial can not be granted.

This question was fully-considered, and all the pertinent authorities collated in State vs. Burt, 41 An. 787, and they are decisively against the contention of the prisoner's counsel.

(*c*) For the purpose of proving a separation of the jury, and that they slept in separate rooms during the progress of the trial, three members of the jury were called as witnesses. By them the accused proposes to prove that arms were distributed to the jury also.

On the objection of the District Attorney their evidence was rejected, under the well established rule of law that jurors are not competent as witnesses to impeach their own verdict. The evidence was correctly disallowed. It is quite impossible for courts to examine into and consider the varying circumstances and facts under which verdicts are proposed to be impeached by jurors themselves; it is sufficient to say, that if anything improper or irregular was done, by all, or any single member of the jury, whereby the *vires* of their verdict was impaired, or destroyed, the unbending rule of jurisprudence is, that proof of it can not be received from any member of the jury. Their lips must be kept *sealed,* and courts of justice will not *listen* to their evidence.

On the main question, there is no proof. The jury did not separate. The whole twelve occupied, as sleeping apartments, three communicating rooms of an adjacent hotel, all outside approaches to which were closed; and there was no possible means of access to them.

(d) The proof does not show that the verdict of the jury was improperly, or unduly influenced by a show, or fear of intimidation or violence.

The facts are, that there were rumors in circulation that friends of the accused intended a resort to violence for the purpose of liberating the accused from custody. The deputy sheriff carried firearms to the jurors' quarters and deposited some in their rooms; but he made no explanation to the jury. He also gave them pistols on the following day, but he says that these arms were intended for use in protecting the jail. This was a most unusual circumstance, but there is nothing to connect it with the verdict, or to indicate any prejudicial effect on the minds of the jury.

It is not every irregularity that will vitiate a verdict; it must appear to have resulted injuriously. Motions for new trials are always addressed to the discretion of the trial judge, whose action in denying them will not be reversed in the absence of a showing that the court abused its discretion to the detriment of the appellant. This has been the uniform opinion of this court as expressed in many cases. State vs. McCort, 23 An. 326; State vs. Breckinridge, 33 An. 310; State vs. Fulford, 33 An. 697; State vs. Fisher, 33 An. 1334; State vs. White, 35 An. 96; State vs. Washington, 36 An. 341; State vs. Bird, 38 An. 497; State vs. Walker, 39 An. 19.

But while holding that it is not apparent that any influence prejudicial to the accused was exerted by the mere introduction into the jury room of firearms, and the delivery to them of pistols, we can not refrain from expressing, in the strongest possible terms, our disapproval of the occurrence, and of the action of the court officer in so doing without the consent of the trial judge.

(e) There is no proof of the fifth ground of complaint. The defendants have had a fair trial.

Judgment affirmed.

## DISSENTING OPINION.

McENERY, J. In my opinion the verdict and sentence in this case should be set aside and the case remanded.

The testimony in the record which was offered on the motion for a new trial, shows that rifles were introduced into the jury room on Saturday night, and on Monday morning pistols were distributed among them. The deputy sheriff who furnished the arms to the jury

says that the rifles were deposited in the jury room because of an apprehended attack on the jail. That he conversed with another party in the presence of the jury in relation to this expected attack on the jail by the friends of the accused. He did not know whether the jury heard this conversation. But they must have heard it and understood it, and that they believed also that they were threatened, is evident from the fact that they asked for the pistols which were distributed among them. I can not reconcile this conduct of the jury, standing as armed sentinels in the jury room, with my ideas of that impartiality which should prevail in their deliberations. They were evidently alarmed and were in fear of an attack from the friends of the accused. It is not reasonable to suppose that such fear did not influence them.

The rumor of an attack was, it is true, totally unfounded, but the jury evidently believed in its existence.

I therefore respectfully dissent from the opinion and decree rendered in this case.