(90 South. 532)

No. 24882.

**STATE v. PATTERSON et al.**

(Jan. 2, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Indictment and information** ⬦⟲34(2) — **Indorsement as "true bill" instead of "a true bill" held not to invalidate indictment.**

    Indorsement of indictment as "true bill" instead of "a true bill" *held* not to affect validity of indictment.

2. **Indictment and information** ⬦⟲33(4)—**Word "foreman" following signature on indictment sufficient without designating him as foreman of the grand jury.**

    The word "foreman," following signature of foreman of grand jury on indictment, *held* sufficient without designating him as foreman of the grand jury, where the record shows person whose signature precedes the word "foreman" to have been appointed foreman of the grand jury.

**3. Criminal law ☞1166(8)—Denial of continuance held harmless.**

Refusal of continuance, on the ground that the regular jury panel drawn for the special criminal term was incompetent because of having served in case against one who had been jointly indicted with defendant, *held* not ground for reversal, where record showed that defendant accepted 6 of the jurors without objection of any kind, and accepted 6 other jurors without protest out of 10 talesmen.

**4. Indictment and information ☞125(42) — Burglary and larceny may be charged in the same count.**

Burglary and larceny can be charged in the same count of indictment without rendering it amenable to the charge of duplicity.

**5. Criminal law ☞753(2)—Refusal to direct verdict of not guilty as to charge as to which nolle prosequi was entered before the trial held proper.**

Where nolle prosequi as to charge of being accessory before the fact was entered prior to the trial, and before any evidence was submitted to the jury, refusal to direct verdict of not guilty as to such charge *held* proper.

**6. Criminal law ☞1111(2) — Trial judge's statement as to charge accepted where not in record.**

Where a charge is not in the record, the statement of the trial judge as to charge must be accepted.

**7. Criminal law ☞942(1)—Denial of new trial on ground that witness admitted perjury held not error, in view of testimony making change in testimony suspicious.**

Refusal to grant a new trial on the ground that a witness for the state admitted having given perjured testimony *held* not error, in view of testimony making the sudden change in the testimony of the witness suspicious.

**8. Criminal law ☞1160—Refusal of new trial for newly discovered evidence not disturbed, where trial judge was satisfied perjury had been resorted to, to obtain new trial.**

If newly discovered evidence is creditable and unsuspicious and is material and important, the refusal to grant a new trial will be reversed, but the Supreme Court will not interfere where it appears that the trial judge has satisfied himself by the examination of the witnesses that false swearing has been resorted to, to obtain a new trial.

**9. Burglary ☞18—Indictment and information ☞119—Indictment held to charge breaking and entering dwelling in nighttime without dangerous weapon or assault upon person therein; allegations held surplusage.**

Indictment, charging defendant with breaking and entering a dwelling in the nighttime, *held* to charge violation of Rev. St. § 851, denouncing burglary of dwelling house in the nighttime without a dangerous weapon and without an actual assault upon inmates, and not a violation of section 850, denouncing the breaking and entering of a dwelling house in the nighttime, when any person is lawfully therein, by a person who is armed with a dangerous weapon, or arms himself therewith therein, or commits an actual assault therein, notwithstanding allegation that there was a person lawfully in house alleged to have been entered; such allegation being mere surplusage.

**10. Indictment and information ☞81(1)—Allegation that said defendants stole described property sufficient without naming defendants, where same count charged named defendants with burglary.**

Where indictment charging named defendants with burglary charged burglary and larceny in the same count, allegation that "said defendants" stole described property *held* sufficient without specifying the names of particular defendants.

**11. Indictment and information ☞185—Indictment, charging in single count the breaking, entering, and stealing, charges burglary and not larceny.**

Indictment, charging in a single count the breaking, entering, and stealing, charges merely the crime of burglary, and the court cannot charge jury to find the defendant guilty either of burglary or larceny.

**12. Criminal law ☞1044—Defendant, convicted of burglary, could not complain that indictment did not state value of each article stolen, when no motion to quash or for bill of particulars.**

Defendant, convicted of burglary under indictment charging in single count the entering and breaking of dwelling and the stealing of described property therefrom, could not complain that indictment failed to state the value of each article alleged to have been stolen, since, if defective for such reason, defendant should have taken advantage thereby by motion to quash, or a bill of particulars should have been requested prior to the trial.

Appeal from Twenty-Eighth Judicial District Court, Parish of St. Charles; Prentice E. Edrington, Sr., Judge.

Frank Patterson and others were indicted and Will Honor was convicted of burglary, and Honor appeals. Affirmed.

L. Robert Rivarde, of Hahnville, for appellant Honor.

A. V. Coco, Atty. Gen., C. A. Buchler, Dist. Atty., of Gretna (T. S. Walmsley, of New Orleans, and Ernest M. Conzelmann, of Gretna, of counsel), for the State.

LAND, J. The defendant Will Honor, jointly indicted with Frank Patterson, Will Owens, Clarence Sherman, and others for the crime of burglary and larceny, was tried by jury, convicted, and sentenced to serve a term of 14 years at hard labor in the state penitentiary. He has appealed, and relies, for the reversal of the verdict and sentence against him, upon a number of bills of exception.

[1, 2] Bill of Exception No. 1. Defendant moved to quash the indictment in this case on the ground that it is indorsed, "True bill," instead of, "A true bill," and therefore fails to state the proper finding of the grand jury as to just what kind of a bill the grand jury intended to present; and upon the further ground that said indictment is not properly signed by the foreman of the grand jury in his official capacity.

The indorsement on the indictment is as follows:

"No. 2607. The State of Louisiana v. Frank Patterson et al. Indictment for breaking and entering in the nighttime, June 27, 1921. Foreman of the Grand Jury, Parish of ———, True bill. [Signed] Rudolph Montz, Foreman. Filed July 27, 1921. [Signed] J. T. Boudouin, Clerk of Court."

The minutes show that the trial judge appointed Rudolph Montz foreman of the grand jury. The indorsement on the indictment shows that he signed same as "Foreman." "True bill," omitting "A," will suffice. "Foreman," without mention of the official character, is sufficient, because the latter appears of record. Bish. New Crim. Proc. c. 46, pp. 414, 415.

[3] The motion to quash was properly overruled.

Bill of Exception No. 2. This bill was reserved to the ruling of the lower judge refusing to grant the accused, Will Honor, a continuance on the ground that the regular jury panel drawn for the special criminal term of the court beginning June 27, 1921, was incompetent to try the case, for the reason that some of the members of said jury had served in the case as against the other accused, Frank Patterson, Will Owens, and Clarence Sherman, and that the rest of the jury panel had heard the evidence in that case.

The defendant asked for a severance, and the same was granted by the court. The same jury panel drawn to serve for the week during which this case was fixed for trial would necessarily have to try this case, and the accused was entitled to examine all jurors on their voir dire and to challenge all who were not competent, and, when the regular panel was exhausted, the court ordered tales jurors to be drawn. Out of 28 regular jurors the defendant accepted 6 without objection of any kind, and out of 10 tales jurors the defendant accepted 6 without protest. The record, therefore, shows that he was not compelled, by the overruling of the motion for continuance, to accept any but fair and impartial jurors on the panel that tried his case, and that therefore he suffered no injury by the action of the judge a, quo in denying his motion for a continuance. In fact, in refusing the continuance, the defendant was relegated to the only proper relief offered him by law, the opportunity to test, by examination on their voir dire, the jurors

presented to try the case, in order to ascertain their fitness to serve as jurors.

Bill of Exception No. 3. Defendant filed a motion to quash the indictment in this case, because said indictment charges no crime known to the law, and for the further reason that more than one crime is charged in one and the same count.

[4] An inspection of the indictment shows that the crimes of burglary and larceny are charged in the same count, which also includes a charge against Clarence Sherman and Will Honor as accessories before the fact. As this latter charge was nolle prosequied by the district attorney, before the case was tried, and as burglary and larceny can be charged in the same count of an indictment without rendering the same amenable to the charge of duplicity, the motion to quash was properly overruled. State v. Nicholls, 37 La. Ann. 779; State v. Brown, 35 La. Ann. 1059; State v. Johnson, 34 La. Ann. 49; State v. Depass, 31 La. Ann. 489; Bishop, Crim. Proc. § 439; Bishop, Cr. Law, § 1062; Wharton, Cr. Law, §§ 560–565, 616, 1615.

[5] Bill of Exception No. 4. When the district attorney entered a nolle prosequi as to the charge of accessories before the fact made against Sherman and the defendant Will Honor, counsel for defendant requested the court "to instruct the jury to write on the reverse of the indictment a verdict of not guilty, as to being charged as an accessory before the fact."

The nolle prosequi in this case was entered prior to the trial and before any evidence was submitted to the jury, and we are at a loss to understand how a jury, under such circumstances, could return a verdict of not guilty, or by what authority a trial judge could order them to do so. Under the circumstances, the nolle prosequi entered amounted to a dismissal of the charge contained in the count of the indictment as to

defendant being an accessory before the fact, and the state was at liberty to proceed with the case as to the charge of burglary and larceny included in the same count. Bishop, New Cr. Law, c. 94.

[6] Bill of Exception No. 5. This bill was reserved to the charge of the trial judge to the jury, and there is a disagreement between counsel for defendant and the judge a quo as to the instructions actually given by him. As the charge is not in the record, the statement of the trial judge must be accepted. The charge was as follows, as shown by the per curiam in the bill of exceptions:

"A party who is present at the commission of the crime becomes a principal. Just like two parties who would go together to kill or assassinate a person, and one of them did the shooting, the other one with him, although he did not have a gun, is as much a principal, and as guilty as the one who fired the shot."

The statement of counsel for defendant made in the bill is to the effect that the district judge added to the above charge the words, "and become an accessory by being there for that particular purpose."

The objection urged by counsel is not to the portion of the charge which the district judge asserts that he made, but to that part of the charge which he denies having given to the jury.

[7] Bill of Exception No. 6. This bill was reserved to the action of the trial judge in overruling a motion for a new trial, the complaint being that the same should have been granted, because a state witness swore on the trial of the motion for a new trial that he had perjured himself on the trial in stating that the accused, William Honor, was present at the time of the burglary of the house of John Davan, the prosecuting witness.

It is established by the testimony of the jailer that the witness and the defendant, and the other accused who had been convicted in this case, were all confined in one cell in the parish prison, and were able to com-

municate with each other at will. The opportunity to fabricate such a defense as this is patent. The sudden change in the testimony of this witness is therefore strongly suspicious under the circumstances presented.

In the case of the State v. Washington et al., 108 La. 226, 32 South. 396, the court said:

"In reference to the attempt of the witness to impeach his own testimony, we are not inclined to think that it presents ground of itself sufficient to grant a new trial. As a question of law, new trials are not usually granted to hear testimony to impeach the testimony heard on the trial. By this affidavit affiant seeks to discredit his own testimony. The principle that such affidavit of itself is not sufficient to justify a new trial has the support of authorities. State v. Young, 34 La. Ann. 346; State v. Fahey, 35 La. Ann. 9; State v. Dishin, 35 La. Ann. 46; State v. Burt, 41 La. Ann. 787; State v. Garig, 43 La. Ann. 365 [6 L. R. A. 79]."

[8] If the newly discovered evidence be creditable and unsuspicious, material and important, the refusal to grant a new trial will be reversed; but the Supreme Court will not interfere where it appears that the trial judge has satisfied himself by the examination of the witnesses that false swearing has been resorted to in order to obtain a new trial. State v. Frisbie, 41 La. Ann. 615, 6 South. 139; State v. Solomon Williams, 38 La. Ann. 361.

We therefore conclude that there was no error on part of the trial judge in overruling the motion for a new trial.

Bill of Exception No. 7. After the motion for a new trial had been refused, defendant filed a motion in arrest of judgment for the following reasons:

(1) That said indictment fails to set out or state that the breaking and entering was done with a felonious intent.

(2) That said indictment fails to reiterate the names of each of the defendants, and more particularly the name of William Hon-or, in that part of the indictment charging the larceny of certain articles.

(3) That said indictment is insufficient, in that it fails to set out the value of each and every article separately alleged to have been stolen.

(4) That said indictment contains the averments of charging section 850, and that the defendant was tried under section 851 of the Revised Statutes.

(5) That said indictment is defective because of duplicity, and charges no crime known to the laws of the state of Louisiana.

[9] An inspection of the indictment shows that it was drafted under section 851 of the Revised Statutes, and the mere statement in said indictment that persons were lawfully therein at the time of the breaking and entering in the nighttime is mere surplusage, and cannot possibly have the effect of placing said indictment under section 850 of the Revised Statutes, which provides that—

"Whoever, with the intent to kill, rob, steal," etc. "shall, in the nighttime, break and enter * * * a dwelling house, any person being lawfully therein, and such offender being, at the time of such breaking or entering, armed with a dangerous weapon, or arming himself in such house with a dangerous weapon, or committing an actual assault upon any person, lawfully being in such house," etc., "on conviction, shall suffer the punishment of death."

It is therefore clear that the mere breaking and entering a dwelling house in the nighttime with felonious intent, any person being lawfully therein, would constitute a capital offense only if the offender was armed with a dangerous weapon at the time, or armed himself in the house, or committed an actual assault upon any of its inmates.

Section 851 of the Revised Statutes penalizes the crime of breaking and entering a dwelling house in the nighttime without being armed with a dangerous weapon, or without arming with a dangerous weapon in the house, and without committing an assault up-

on any person in such house. In other words, this latter section denounces the crime of burglary of a dwelling house in the night-time, without any of the aggravated circumstances mentioned in section 850.

[10] As the name of the defendant William Honor appears in the indictment as one of the defendants charged with the commission of the burglary, and as the crimes of burglary and larceny are charged in one and the same count, it was not necessary to charge that the defendants, naming each of them, did feloniously steal, take, and carry away from said dwelling house certain property, as the name of William Honor was necessarily included in the defendants charged with the larceny from said dwelling house. The language of the indictment is:

"And further that the said defendants did feloniously steal, take and carry away from said dwelling house $65.00 in cash, one gold watch and chain, and one S & W pistol, the property of John Davan, valued in all at the sum of $250.00."

[11] The defendant was found "guilty as charged." If, in a single count, the indictment charges the breaking, entering, and stealing, the offense is single, being burglary committed in a particular manner, and in such a case the jury can only find the defendant guilty or not guilty; a charge of guilty of burglary or guilty of larceny not being permitted. When charged in a single count, though there be a general verdict of guilty, there can be but a single penalty imposed, and that is for the burglary committed in a particular manner by breaking, entering, and stealing.

Where burglary and larceny are treated as a single crime, and so charged in an indictment, the court may charge the jury that it can bring in a verdict of guilty or not guilty, and need not charge the jury that it may bring in a verdict of larceny, and the instruction of the court to the jury can be limited to one crime, that is, to the burglary, and not to two, burglary and larceny. State v. Fuselier, 135 La. 632, 64 South. 493; State v. Thomas, 28 La. Ann. 171; State v. Johnson, 34 La. Ann. 49.

[12] Defendant, not having been convicted of the crime of larceny, has no just ground of complaint that the indictment fails to set out the value of each and every article separately alleged to have been stolen. The total value of the $65 in cash and the watch and the pistol is stated in the indictment as the sum of $250. If there is any defect at all in not specifying the value of each article separately, it is a mere formal defect, and should have been taken advantage of by a motion to quash, or a bill of particulars should have been requested prior to trial.

The value in larceny cases is important only in so far as it relates to the punishment. The defendant was sentenced to 14 years at hard labor, the full penalty of imprisonment for the crime of burglary, and was not sentenced for the crime of larceny at all.

The indictment charges that the breaking and entering was done by defendants "with the willfully and felonious intent to steal, take and carry away the money and other valuables in said dwelling house." "Willfully" evidently was a slip of the pen and was intended for "willful."

The indictment sufficiently describes the felonious intent, and the motion in arrest of judgment was properly overruled.

Judgment affirmed.