(97 South. 854)

No. 26123.

## STATE v. STOVALL.

(Oct. 22, 1923.)

*(Syllabus by Editorial Staff.)*

1. Indictment and information ⬤161(7) — Amendment as to date of offense in information for robbery held not error.

In a prosecution for robbery, it was not error to amend the information as to the date of the commission of the crime, the jury not having been impaneled, and defendant's counsel having consented to the amendment.

2. Criminal law ⬤944, 1160—Refusal of new trial for newly discovered evidence because trial judge considered testimony perjured held not error.

In a prosecution for robbery, it was not error to refuse a new trial on the ground of newly discovered evidence where the new witnesses took the stand in support of the motion, the trial judge assigning as one reason for refusing a new trial that he did not believe their testimony, since, where the trial judge has satisfied himself by an examination of the witnesses that false swearing has been resorted to, to obtain a new trial, the Supreme Court will not interfere unless the record shows manifest error.

Appeal from Criminal District Court, Parish of Orleans; J. Arthur Charbonnet, Judge.

Nelson Stovall was convicted of robbery, and he appeals. Affirmed.

Rousseau Voorhies and A. J. Hollander, both of New Orleans (Bernard Cocke, of counsel), for appellant.

A. V. Coco, Atty. Gen. and Robert H. Marr, Dist. Atty., of New Orleans (T. S. Walmsley, of New Orleans, of counsel), for the State.

By Division A, composed of ST. PAUL, J., sitting for O'NIELL, C. J., absent, and ROGERS and BRUNOT, JJ.

ROGERS, J. Defendant has appealed from a conviction and sentence for the crime of robbery. Relief is sought in this court under a bill of exception reserved to the refusal of the judge to sustain a motion for a new trial because of an amendment to the information changing the date of the crime charged and upon the ground of newly discovered evidence, tending to prove an alibi.

[1] Defendant avers that while the information originally charged the commission of the crime on March 8, 1923, said date was changed, on the day of the trial, to read January 21, 1923, and that by reason of said alteration he was misled in his defense.

The amendment in date, which was consented to by counsel for the accused in his presence, was made before the impaneling of the jury, and the trial was proceeded with without objection.

It is difficult to understand how defendant could have been misled as to his defense by the change of the date in the information made with his knowledge and consent before the beginning of the trial.

It further appears from the record that when the state's attorney moved to amend the information so as to substitute January 21, 1923, for March 8, 1923, counsel for defendant, in consenting thereto, stated: "That's all right; my client says he was on a ship that day."

Defendant follows the calling of mariner, and although he testified that he was not in town, being on a ship, on the day when the crime was committed, the records of the United States Shipping Board failed to substantiate his statement, and it was finally admitted by his counsel that he was in the city of New Orleans on the day in question.

It is well settled that an error in date may be amended before or during trial. State v. Drummond, 132 La. 749, 61 South. 778; State v. Lee, 127 La. 1077, 54 South. 356; State v. Wallman, 31 La. Ann. 147. An information may be amended with leave of court, the subject being within its sound discretion. State v. Terrebonne et al., 45 La. Ann. 26, 12 South. 315.

[2] The declared purpose of the alleged newly discovered evidence is to impeach the veracity of the witnesses for the state, by showing that on the day the offense was alleged to have been committed defendant was one of the musicians in a three-piece band at a "penny party" in the section of the city of New Orleans known as "Algiers," and, in consequence thereof, could not have been at the scene of the crime charged.

In addition to their affidavits appended to the motion for a new trial, the two alleged newly discovered witnesses took the stand in its support. At the conclusion of the hearing, the trial judge refused the new trial, assigning as one of his reasons therefor that he did not believe the testimony.

Applications for new trials upon the ground of newly discovered evidence should be received with extreme caution. The utmost reliance must be placed upon the trial judge, who sees and hears the witnesses, and who is in a position to observe their appearance and conduct upon the stand. Where he has satisfied himself by an examination of the witnesses that false swearing has been resorted to for the purpose of obtaining a new trial, this court will not interfere with his order refusing the same, unless the record shows manifest error. State v. Patterson, 150 La. 122, 90 South. 532; State v. Hill, 135 La. 625, 65 South. 763; State v. Williams, 38 La. Ann. 361; State v. Beaird, 34 La. Ann. 104.

Judgment affirmed.