175 So. 628

**STATE v. BRANDLE.**

No. 34392.

June 21, 1937.

Edwin I. Mahoney, of New Orleans, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and Charles A. Byrne, Dist. Atty., and Niels F. Hertz, Asst. Dist. Atty., both of New Orleans, for the State.

HIGGINS, Justice.

The defendant was charged in a bill of information with having violated the provisions of Act No. 64 of the Legislature of Louisiana of 1930, by operating a motor vehicle in a grossly negligent and reckless manner and wantonly causing the death of one William Egan. The offense was alleged to have been committed on September 30, 1936, at 12 o'clock noon, at the corner of Julia and So. Rampart streets, this city, when the defendant is said to have failed to stop his motortruck in obedience to the traffic sign of the police department of the city and knocked down the deceased, so badly injuring him that he died the following day.

During the trial of the case, the defendant did not reserve any bill of exception.

The jury found the defendant guilty as charged. He then applied for a new trial on the following grounds:

"1st. That the said verdict is contrary to the law and the true and correct evidence which should have been adduced at the trial of this case.

"2nd. That attorney for defendant and mover herein has discovered what he considers new evidence, which is not cumulative nor corroborative, and was not known to him at the time of the trial of the said case, and which evidence if produced on the trial would have in his opinion, produced a different verdict, and that the said newly discovered evidence is in substance, 'That the witness, Gross, for the prosecution, called at the office of Mr. Edward A. Generelly, former attorney for the defendant herein on two separate occasions and informed that he the said Gross and the other state witness Zeno had to be paid by defendant and mover herein before they would testify, from which fact no other conclusion can be reached except that if they had been paid as required their testimony and evidence would have been beneficial, important and material to the interest of defendant and mover herein.'"

On the trial of the rule to show cause why a new trial should not be granted, the defendant produced as a witness, Edward A. Generelly, a practicing attorney, who initially represented the accused, but subsequently withdrew from the case. He testified that Joseph Gross, one of the State's eyewitnesses to the accident, on two separate occasions, came to his office and stated that he and Alex Zeno, the other eyewitness, would not testify in favor of the defendant unless he paid them, but would testify against him and make it hard for him; that he saw the old man when he

stepped off the sidewalk and walked into the side of the truck driven by the defendant. In response to the trial judge's questions, Mr. Generelly testified:

"Q. Did Gross tell you he wanted to be paid for his loss of time, or did he tell you he wanted to be paid for the purpose of testifying falsely in favor of the accused?

"A. Judge, that is an inference I draw. The gentleman wasn't very specific, although he wasn't working at the time. I asked him was he working, he said, No, I am not working, but if he wants me to testify for him, he will have to pay me.

"Q. Do you base the statement you have just made on the inference that you drew from the conversation you and Gross had?

"A. Yes, sir. He was rather sheepish about it, and said he wanted to be paid. However, the defendant, Brandle, informed me of that fact, and Gross came out with it and said, We want to be paid."

The record shows that the alleged offense happened on September 3, 1936, and that the deceased died on the following day. The accused, accompanied by his attorney, Edward A. Generelly, appeared before the bar of the court on October 5, 1936, and was arraigned. He pleaded not guilty and elected to be tried by a jury. On February 4, 1937, Mr. Generelly, in a formal motion, withdrew as counsel for the accused. On April 14, 1936, when the defendant's case was called for trial, he took an oath that, because of his lack of means, he was unable to employ an attorney, and the court appointed Mr. Edwin I. Mahoney to represent

him. After conferring with his client, counsel, in response to an inquiry of the court, stated that he was ready for trial. The case was then proceeded with regularly and resulted in a verdict of guilty. The motion for a new trial was denied and defendant reserved a bill of exception. The accused was sentenced and he appealed.

The trial judge, in his per curiam, states:

"I overruled the motion for a new trial for the reason that the guilt of the defendant was established beyond any reasonable doubt.

"The defendant is not entitled to a new trial merely for the purpose of impeaching the credibility of a witness. Code of Criminal Procedure, art. 511.

"That the witness attacked testified truthfully at the trial was substantiated by the other evidence in the case, and the fact that his testimony was substantially in conformity with a signed statement made by him to the police at a time not suspicious, immediately after the killing."

The pertinent parts of article 509 of the Code of Criminal Procedure read as follows:

"1. Whenever the verdict is contrary to the law and the evidence; or * * *

"4. Whenever since verdict the accused has discovered errors or defects in the proceedings to his prejudice that could not have been discovered with reasonable diligence before verdict; or

"5. Whenever, though as a matter of legal right the accused may not be entitled to a new trial, yet the judge is of the opin-

ion that the ends of justice would be served by the granting of a new trial."

█ In the case of State v. Stovall, 154 La. 544, 546, 97 So. 854, 855, we said:

"Applications for new trials upon the ground of newly discovered evidence should be received with extreme caution. The utmost reliance must be placed upon the trial judge, who sees and hears the witnesses, and who is in a position to observe their appearance and conduct upon the stand. Where he has satisfied himself by an examination of the witnesses that false swearing has been resorted to for the purpose of obtaining a new trial, this court will not interfere with his order refusing the same, unless the record shows manifest error."

█ This court has decided that a new trial would not be granted on the ground that the alleged newly discovered evidence would show that the witness had made unsworn statements which contradicted his testimony on the trial, whether the extrajudicial statements were made before or after the trial. State v. Dunc. Garig et al., 43 La.Ann. 365, 8 So. 934; State v. Williams, 38 La.Ann. 361; State v. Johnson, 30 La.Ann. 305.

█ In the case of State v. Johnson, 149 La. 922, 90 So. 257, the court held that a new trial would not be granted when the effect of the alleged newly discovered evidence would be to impeach one of the State's witnesses, especially when it appeared that, in the opinion of the trial judge, the testimony of other witnesses fully warranted the conviction.

In State v. Green, 157 La. 546, 102 So. 665, it was decided that a new trial should not be granted merely for the purpose of enabling the defendant to impeach or affect the credibility of a state witness.

█ In State v. Guirlando, 152 La. 570, 93 So. 796, the court held, in connection with a motion for a new trial, that evidence known to the defendant, though not to his counsel, is not newly discovered.

█ The record shows, and as stated by the trial judge in his per curiam, that the witness sought to be contradicted and impeached, testified substantially the same as he stated his version of the happening in a written statement given to the police on September 3, 1936, immediately after the accident.

It is not only clear from the foregoing authorities that the defendant is not entitled to a new trial to contradict or impeach one of the State's witnesses, but, since it affirmatively appears from the testimony of Mr. Generelly that Brandle, the accused, informed him of the fact that Gross wanted to be paid for testifying for him, this certainly was not newly discovered evidence. The best that can be said about this evidence is that the accused failed to inform his present attorney that Mr. Generelly also knew about Gross requesting payment for his testimony.

For the reasons assigned, the verdict of the jury and the sentence of the court are affirmed.

O'NIELL, C. J., dissents.