354 So.2d 521 (1978)
STATE of Louisiana
v.
Nolan L. TUCKER.
No. 60368.
Supreme Court of Louisiana.
January 30, 1978.
*522 Otha Curtis Nelson, Sr., Simmons, Nelson & Dunn, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Anthony J. Marabella, Jr., Marilyn C. Castle, Asst. Dist. Attys., for plaintiff-appellee.
SUMMERS, Justice.
Nolan Lee Tucker and Anthony L. Marshall were jointly charged and tried for simple burglary. La.Rev.Stat. 14:62. They were convicted and both were adjudged habitual offenders. Defendant Tucker was sentenced to imprisonment for eighteen years, all of which was suspended except five years. Marshall was sentenced to eighteen years, all of which was suspended except three years. Only Tucker's appeal is before the Court.

Assignment 1
While Officer Lambert was testifying he was asked what caused him to go to the scene of the burglary on the night of its occurrence. He replied, "I received a call on the radio that there was a burglary in progress." Whereupon defense counsel objected and asked that the response be stricken from the record. The objection was overruled.
In the assignment of error to the court's ruling the defense asserts that the information, received by Officer Lambert via radio that a burglary was in progress, was hearsay.
The officer's testimony was offered, not for the purpose of vouching for the truth of the utterance (a burglary in progress) but to explain the sequence of events leading to the arrest of the defendant from the viewpoint of the arresting officer. As such it was not hearsay. State v. Calloway, 324 So.2d 801 (La.1976); State v. Singleton, 321 So.2d 509 (La.1975); State v. Monk, 315 So.2d 727 (La.1975).

Assignment 2
After his ruling on the statement quoted in Assignment 1, the trial judge admonished the jury:
"Let me interrupt Mr. Marabella. I just ruled that the statement that came over the radio was an exception to the hearsay rule. It is an exception, ladies and gentlemen. The fact that a burglary was in progress is not to be considered by you as a fact, only a report which this officer got which caused him to react. It's not evidence that a burglary was in progress. Only that statement is offered *523 to show why he reacted like he did, not the truth of what the statement contained. Proceed."
No objection or motion for a mistrial was made to this admonition, and none was in order, for there was no comment on the evidence as the defense contends in brief. La.Code Crim.Pro. art. 770-72, 841.
The trial judge admonished the jury on his own initiative to explain the limited purpose for which the radio call was admitted. As such his was a wholly correct statement made in order that the jury would not consider the reference to a burglary in progress as evidence that a burglary was in fact in progress. The admonition was designed to protect the defendant.
There is no merit to this assignment.

Assignment 3
Defendant urges on appeal that the trial court committed error when it denied a motion to quash the bill of information charging him as a second offender. The motion is based on the contention that one cannot be sentenced as a second offender under Section 529.1 of Title 15 of the Revised Statutes, the Habitual Offender Law, if he had been pardoned for the first offense.
It is argued that the automatic pardon provision of Section 5(E)1 of Article IV of the Constitution of 1974, effective January 1, 1975, had the effect of granting defendant an automatic pardon for his first offense, to which he pled guilty on October 16, 1974. Therefore, his conviction on March 30, 1977, in the instant prosecution was, in effect, a first offense. Consequently, he could not be charged as a second offender under the Habitual Offender Law.
The Constitution of 1974 provides:
"[A] first offender never previously convicted of a felony shall be pardoned automatically upon completion of his sentence, without a recommendation of the Board of Pardons and without action by the governor." La.Const. art. IV, § 5(E)1 (1974).
On at least three occasions this Court has held that the automatic pardon provision in the 1974 Constitution is not retroactive. State v. Harvey, 329 So.2d 731 (La.1976); State v. Maduell, 326 So.2d 820 (La.1976) and State v. Williams, 326 So.2d 815 (La.1976). See also State v. Selman, 343 So.2d 720 (La.1977).
The Constitution is explicit in this respect. Section 23 of Article XIV provides that "All . . . criminal liabilities . . . judgments, sentences, orders, decrees . . . existing on the effective date of this constitution shall continue unaffected." And Section 26 of Article XIV reads:
"Except as otherwise specifically provided in this constitution, this constitution shall not be retroactive and shall not create any right or liability which did not exist under the Constitution of 1921 based upon actions or matters occurring prior to the effective date of this constitution."
Since the automatic pardon is not retroactive, the October 16, 1974 conviction was properly considered as the first of two felony convictions in charging defendant as a second offender.

Assignment 4
In a motion for a new trial the defense alleged there was no evidence that defendant "entered" any dwelling, vehicle, watercraft or other structure, movable or immovable as set forth in Article 62 of the Criminal Code.[1] Hence there was no evidence of an essential element of the crime of simple burglary.
It was further alleged that it had been discovered since the verdict that the codefendant Marshall would testify under oath that he alone burglarized the structure at *524 1110 North 31st Street in Baton Rouge; that defendant Tucker had nothing to do with it and he should not be punished. This testimony was alleged to be newly discovered evidence, which, notwithstanding the exercise of reasonable diligence by defendant, could not have been discovered before or during trial, and it would probably have changed the verdict.
Marshall filed his affidavit corroborating the allegations of the motion, and the motion was denied.
The first ground of the motion is without merit. This Court's appellate jurisdiction is limited to questions of law, and it will not reverse a conviction on a question of guilt or innocence unless there is no evidence of an essential element of a crimea situation which presents a question of law, it being illegal to convict a person of crime on no evidence. When there is some evidence, no matter how little, the Court will not inquire into the sufficiency of the evidence, that being a question of fact for the trial judge or jury. State v. Douglas, 278 So.2d 485 (La.1973).
Here the State's witnesses Linda Freeman and Lee Ester Dennis, testified that they saw two individuals burglarizing the automobile repair shop of Prince Dennis at 1110 North 31st Street. Officer Lambert, who responded to the call that a burglary was in progress, apprehended defendant and Marshall as they walked away from the burglarized building; both were covered by a fine layer of dust. Marshall was positively identified as one of two individuals who were seen prying loose the shop door with a crowbar.
Investigation of the premises required that the officer crawl through the damaged and pried-open door. In doing so, he too was covered with dust similar to that observed on the suspects. A soft drink machine had been broken inside the building. There was therefore some evidence upon which the jury could rationally find that defendant "entered" the automobile repair shop, a structure as contemplated by Article 62 of the Criminal Code, thereby satisfying that element of the crime which required that they "enter".
Marshall's affidavit, that he alone burglarized the structure and defendant was not involved, does not suffice as reliable newly discovered evidence. The affidavit was executed on June 17, 1977, some three months after he and Tucker were tried and convicted. No further prosecution for the burglary threatened at that time, and no meaningful declaration against penal interest existed. Furthermore, Marshall testified at the trial that he and his cousin Milton Wright were walking on North 31st Street on the night of the burglary when they were apprehended. He denied burglarizing the auto shop, stating that he had never been near it.
His affidavit was therefore a recantation of his trial testimony, not newly discovered evidence. As such the affidavit presented a pure case of the credibility of a witness the trial judge had seen and heard testify to the contrary at the trial.
Where credibility is involved the trier of fact is undoubtedly better situated to make the determination. Experience teaches that recantations of trial testimony should be looked upon with the utmost suspicion. And, as a legal proposition, a new trial should not be granted where the trial judge has satisfied himself that false swearing has been resorted to for the purpose of obtaining a new trial. State v. Tyler, 342 So.2d 574 (La.1977); State v. Brandle, 187 La. 945, 175 So. 628 (1937).
Obviously Marshall is a perjurer and there is no merit to the motion.

Assignment 5
At the sentencing hearing the trial judge made reference to the lengthy record of twenty-four offenses committed by defendant while he was a juvenile. Apparently this record of juvenile offenses was contained in a presentence report furnished to the sentencing judge. Although conceding that no objection was made at the time, defense counsel now contends that the court committed reversible error by violating the statutory mandate that "[a]ll information *525 obtained in cases of children brought to the attention of the court shall be privileged information and shall not be subject to public inspection . . . ." La.Rev.Stat. 13:1586 (emphasis added). In his lecture to the defendant, the trial judge stated that he was referring to these juvenile offenses for defendant's own "edification" and that these offenses would not be considered in imposing sentence. From the tenor of the judge's talk, it may be inferred that these numerous juvenile offenses were mentioned as one of the reasons why the trial judge denied bail, pending appeal.
Article 875 of the Code of Criminal Procedure authorized the probation officer to inquire into "the defendant's history of delinquency" and "other matters deemed relevant by the officer". Prior juvenile offenses, then, are a proper subject for presentence reports. While the open-court disclosure of the juvenile record may have been improper, inclusion of that record in the presentence report was authorized. The impropriety of the disclosure, however, does not affect the legality of the sentence.
This assignment has no merit.

Assignment 6
Tucker was sentenced to imprisonment for eighteen years with all but five years suspended. His codefendant Marshall was sentenced to imprisonment for eighteen years with all but three years suspended. Defendant contends this disparity of two years imprisonment constitutes cruel and unusual punishment in contravention of Section 1 of Article 20 of the Constitution of Louisiana (1974). This defense contention is not properly presented for review. No objection was made when the sentence was imposed. La.Code Crim.Pro. art. 841.

Assignment 7
A claim that the trial judge improperly denied defendant bail, pending appeal, is not well-founded. The granting or denial of bail, pending appeal, after a sentence of eighteen years is a matter within the sound discretion of the trial judge. La.Const. art. I, § 18; La.Code Crim.Pro. art. 314. The trial judge found that because of his twenty-four juvenile offenses Tucker was an "habitual burglar", and his incarceration was necessary to protect the public. The trial judge also noted that his experience indicated that releasing convicted persons on bail, pending appeal, was not a good idea. Some he had released were found to have committed other offenses while the appeal was pending.
There was no abuse of the trial judge's discretion.
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[1] La.Crim.Code art. 62:

"Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Article 60. "Whoever commits the crime of simple burglary shall be imprisoned at hard labor for not more than nine years."