DOMENGEAUX, Judge.
This appeal arises following the conviction of the defendant, Archie M. Burell, on three counts of the crime of distributing Schedule II controlled dangerous substances (Pentazocine and Phenmetrazine). *1182 The trial judge sentenced the defendant to four years at hard labor on each count, the third count being without the benefit of probation, parole, or suspension of sentence. The sentences were to run concurrently.
This appeal of the trial court's judgment rests on two grounds. First, the defendant argues that inasmuch as false evidence was presented to the jury by the state’s star witness, the remaining competent evidence submitted to the jury was insufficient to prove the defendant guilty beyond a reasonable doubt. Secondly, the defendant has appealed the trial court’s denial of a motion for new trial based on the grounds of newly discovered evidence.
The defendant was convicted for distribution of Schedule II controlled dangerous substances. The testimony of the State’s witness, undercover officer Byron Lawson, established that the defendant had sold the controlled drugs to the officer on the dates of August 8, 12, and 15, 1983. Officer Lawson set out with great particularity how these transactions occurred, explaining who was present, where the parties met, and where they travelled (including which routes were taken). Officer Lawson further testified that he knew most of the defendant’s family and that he had personally known the defendant since they were juveniles. The officer stated that he had known the defendant for at least the ten years preceeding trial. However, as it later turned out, the officer incorrectly testified that he and the defendant had attended the same elementary school.
While cross-examining Officer Lawson who was testifying in the State’s case in rebuttal, defendant’s counsel elicited the officer’s statement that he had attended the Jackson Street Elementary School. When the cross-examination of the rebuttal witness was completed and the defense counsel took his seat, he was immediately informed by his client that the client had attended Mill Street Elementary School— not the Jackson Street school. The validity of the defendant’s assertion was subsequently proven at a hearing on a motion for new trial.
ASSIGNMENT OF ERROR NO. 1
The defendant alleges in this appeal that the jury’s verdict of guilty was clearly wrong in that it was based on both insufficient evidence and false statements of fact. The current standard for reviewing whether the evidence submitted to the jury was sufficient to prove the defendant guilty is whether a reasonable trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found all the elements in the crime charged beyond a reasonable doubt. State v. Byrd, 385 So.2d 248 (La.1980); Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).[1]
The defendant contests the sufficiency of the evidence supporting the jury’s determination that Archie Burell was the person who sold the controlled drugs to Officer Lawson. On this issue Officer Lawson testified that:
A. He had known the defendant since they were juveniles;
B. He had known the defendant for at least the ten years preceding trial;
C. He had purchased controlled substances from the defendant three times;
D. He had seen the defendant almost every other day during the year of 1983;
E. He had attended elementary school with the defendant.
Even excluding from our review the testimony concerning whether the defendant and the officer attended grammer school *1183 together, we find sufficient evidence to support a reasonable factfinder’s determination that, beyond a reasonable doubt, Archie Burell was the person who sold Officer Lawson the illicit drugs. Defendant’s first assignment is without merit.
ASSIGNMENT OF ERROR NO. 2
This assignment raises the issue of whether the trial court abused its discretion in denying defendant’s motion for a new trial. Louisiana Code of Criminal Procedure Article 851(3) provides that the court shall grant a motion for new trial when the defendant has proven the discovery of new and material evidence which was not discoverable before or during trial and which, if introduced, would probably have changed the verdict of guilty.
“The law is well settled that the proposed newly discovered evidence must not only be newly discovered but also not discoverable by reasonable diligence before the verdict for it to justify the granting of a new trial.” State v. Quimby, 419 So.2d 951 (La.1982); State v. Motton, 395 So.2d 1337 (La.1981). In this case, the newly discovered evidence was known by defendant’s counsel before the verdict, that is, immediately after the cross-examination of the State’s rebuttal witness. Further, evidence known to a defendant, though not to his counsel, cannot be classified as “newly discovered”. State v. Brandle, 187 La. 945, 175 So. 628 (1937). Here, the defendant knew, throughout the trial, where he had attended elementary school, although his counsel was not given that information until after the close of the State’s case in rebuttal. Therefore, since the place where the defendant attended grammer school was neither “newly” discovered nor discovered since the trial, the motion for new trial was properly denied by the trial court.
We also find the trial court’s denial of the motion for new trial was proper in that, had the falsity of Officer Lawson’s statement that he and the defendant had attended elementary school together been brought to the jury’s attention, it would probably not had changed the verdict of guilty. First, the officer’s mistaken belief that he and the defendant had attended the same grammer school is understandable considering that more than a decade had passed since those school days. Further, the boys had lived in close proxmity to each other and the officer apparently believed that all of the children in his corner of town attended the same school. Therefore, we do not believe Officer Lawson’s credibility would have been so seriously damaged by his impeachment on this point that the jury would have returned a verdict acquitting the defendant for that reason alone. Secondly, if a new trial had been granted, most probably the mistaken testimony at issue would not have been presented to the jury. As was previously discussed under the first assignment of error, there was sufficient evidence, absent the testimony about the officer and the defendant attending school together, to convict the defendant. A trial court’s decision on a motion for new trial based on newly discovered evidence, though a question of law, is entitled to great weight, and the judge’s discretion should not be disturbed on review absent abuse of that discretion. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Bryan, 427 So.2d 1169 (La.1983). We have found no abuse of the trial judge’s discretion; defendant’s second assignment of error is without merit.
For the reasons assigned, defendant’s conviction is affirmed.
AFFIRMED.
FORET, J., concurs in the result.

. Although reviewing courts are obligated to follow the Jackson standard as mandated by the Louisiana Supreme Court, the author of this opinion has expressed opposition to this standard because it relegates the reviewing power of the appellate courts to nothing more than "second guessing” the triers of fact. See my concurring and dissenting opinions in State v. Gatson, 434 So.2d 1315 (La.App. 3rd Cir.1983); State v. Anderson, 440 So.2d 205 (La.App. 3rd Cir.1983); and State v. Bryan, 454 So.2d 1297 (La.App. 3rd Cir.1984), writ denied, 458 So.2d 128 (La.1984).